OTT, Judge.
Appellants Aalderink and Blow, defendants in the trial court, were charged with possession of greater than five grams of marijuana. Appellant Blow was charged additionally with possession of paraphernalia. Both appellants filed motions to suppress the evidence. The motions were granted in part, and denied in part. Thereafter, Blow and Aalderink entered pleas of nolo contendere, specifically reserving their right to appeal that part of their motions to suppress which was denied.
In the process of a drug investigation and because of indications of possible involvement of appellants, the investigating officers decided to wire a confidential informant for transmission and send him into the appellants’ residence posing as a potential buyer. If the informant actually observed marijuana or other illegal drug activity in the residence he was instructed to utter a prearranged “code word.” Police officers were stationed nearby listening and taping the conversation. Upon hearing the “code word” the officers entered the residence and arrested Aalderink and Blow for possession of marijuana.
Quite obviously there was insufficient probable cause to justify a warrant either for a search of the residence or for communication interception. At the hearing on the motion to suppress the confidential informant did not testify. Appellants contend that failure of the informant to testify that he gave his consent to the taping of the conversation was error, citing Tollett v. State, 272 So.2d 490 (Fla.1973). We agree and reverse.
Section 934.03(2)(c), Florida Statutes (1975), permits a warrantless interception of an oral communication where one of the parties to the communication has given pri- or consent to the interception and the purpose of the interception is to obtain evidence of a criminal act. The court in Tollett v. State, supra, insisted that the requisite consent must be established by competent and relevant testimony of a party to the communication, subject to cross-examination by the defendant, as a condition precedent to the introduction of the recording into evidence.
In the instant case the recording itself was not introduced into evidence. However, a police officer not a party to the communication or otherwise privy thereto was allowed to testify as to its contents and the requisite consent of one of the parties. That this testimony was critical is apparent since the officer conceded, and we feel accurately, that no probable cause existed until the moment he heard the “code word.” To allow police to testify as to the contents of a warrantless interception or an oral communication without first providing competent evidence of consent would allow them to accomplish indirectly what they could not do directly. This type of tactic was condemned long ago in Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939). Accordingly, it was error to allow the police officer to testify regarding the taped conversation.
The judgments and sentences are reversed and the cause remanded for further proceeding consistent herewith.
HOBSON, Acting C. J., and DANAHY, J., concur.