BOARDMAN, Acting Chief Judge.
Appellant/defendant Darryl Raymond Lopez appeals his conviction of murder in the first degree and his sentence of life imprisonment with a mandatory term of twenty-five years without parole.
He raises four points on appeal, only one of which we need to discuss. That point is whether the trial court committed reversible error in allowing the state to introduce into evidence tape recordings of a conversation between an informant and appellant, absent testimony from either party that the recordings were made with his consent. This point has caused great concern, particularly in view of our supreme court’s decision in Tollett v. State, 272 So.2d 490 (Fla.1973).
Detectives Wm. Brown and Irving Carpenter testified that they met the informant at the Holiday Inn East on April 14, 1977, where he signed a written consent form authorizing the Tampa Police Department to listen to and record any conversation between him and appellant held that day in Room 180 of the motel. The consent form was introduced into evidence at trial.
There is no evidence in the record that shows the consent to have been involuntary or unknowing. However, prior to trial, appellant filed a motion to suppress attacking the validity of the consent upon the basis of which the tape recordings were made. Grounds for the motion were that the informant had given defense counsel a sworn statement in which he averred that both he and appellant had taken various narcotics immediately before and during the time the tapes were being made and that his continued cooperation with the police had been coerced. At the hearing on the motion the informant denied having been at the Holiday Inn East on April 14, 1977, and refused to answer any further questions, invoking his fifth amendment privilege under the United States Constitution. He also refused to testify at appellant’s trial. The motion to suppress was denied, and defense counsel’s objection at trial to introduction of the tapes into evidence was overruled.
The majority opinion in Tollett holds that consent to intercept oral communications cannot be established by the testimony of police officers alone, but must be corroborated by the testimony of one of the parties to the communication. See also Aalderink v. State, 353 So.2d 172 (Fla. 2d DCA 1978).
In neither Tollett nor Aalderink did there exist a written consent form; in each case, *1138 police testified as to the consent of the informant who was a party to the communication. Thus it might appear that a written consent form, such as was obtained in the instant case, would be sufficient to satisfy the ToUett requirements concerning the necessary safeguards of authentication. We do not believe so, however. Our supreme court in Tollett justifiably placed great emphasis upon the right of defense counsel to cross-examine the party to the communication as to his alleged consent. It is obvious that denial of the opportunity to cross-examine the consenting party prevents inquiry into the voluntariness of the consent, which was placed in issue here. As we read and interpret Tollett, law enforcement officers would be well advised to obtain a valid warrant prior to intercepting conversations to avoid a situation such as this, which could all too often arise.
The recent decision in Zuppardi v. State, 367 So.2d 601 (Fla.1978), relied on by the state, is inapplicable here. There a wiretap was authorized on the basis of a telephone conversation between a confidential informant and the defendant that a police officer had listened to with the alleged consent of the informant. The defendant moved to suppress the wiretap evidence, arguing that the informant should have been identified and produced for cross-examination as to whether consent was freely given before the court authorized the wiretap. The telephone conversation giving rise to the wiretap authorization was not taped, nor were its contents introduced into evidence at the defendant’s trial. The supreme court thus found Tollett distinguishable and stated at 605: “In effect, appellants urge us to extend the Tollett decision to require that the state prove consent even when the product of the eavesdropping is used solely in an affidavit to establish probable cause. We decline to so broaden the rule.”
After carefully considering the record and hearing full discussion by the attorneys, we have no alternative in light of Tollett but to reverse the trial court’s ruling admitting the tapes into evidence and the judgment of conviction.
We find it unnecessary to discuss point two, and points three and four are without merit.
REVERSED and REMANDED.
SCHEB and OTT, JJ., concur.