PER CURIAM.
Defendants Gregory Evans and Robert Anderson seek reversals of their convictions after jury trial and their sentences for conspiracy to traffic in 2,000 or more pounds of cannabis. They raise four points on appeal, but we address only one. They argue the court erred in admitting into evidence tape recordings of telephone conversations without first requiring one party to the conversation to testify that the recordings were authorized.
The scenario in this case involved a “reverse sting” drug operation by law enforcement officers. During the negotiations a confidential police informant made a series of telephone calls which were tape-recorded. An undercover police detective, Special Agent Funez, also made several tape-recorded telephone calls posing as a seller of the marijuana. Two of the confidential informant’s telephone calls to another participant, Jack Ballard, and Funez’ telephone calls were entered into evidence.
On October 28, 1982, during the negotiations, Anderson, with the confidential informant and Funez, went to a designated motel room and inspected a sample of the marijuana. That same day the informant telephoned Ballard from his home concerning the transaction. After he finished talking to Ballard, the informant handed the telephone to Agent Funez. While Funez was talking to Ballard, Ballard mentioned Anderson’s nickname, Andy.
At an unidentified time the informant had another telephone conversation with Ballard. During their conversation, the name Andy was again mentioned as was the name Greg. Greg (Evans) was identified as the one bringing the money for the transaction.
On October 29, Agent Funez had a series of recorded telephone conversations with Anderson. During these conversations Fu-nez and Anderson discussed the quality of the marijuana as well as transportation and money arrangements. In one conversation Anderson told Funez that Ballard had gone to pick up Greg and bring him to the motel room. Agent Funez also had several recorded telephone conversations with Ballard concerning essentially the same matters. In one of these conversations between Ballard and Funez, Ballard mentioned Greg’s name and the reason for the delay in his arrival. In two other conversations Andy’s name was mentioned.
On the evening of October 29, Evans arrived at the motel room for the negotiations. There, the informant, Funez, and Evans further discussed the quality, price, and transportation of the marijuana. An *747 derson was also present at this meeting. After the arrangements were made, but before the marijuana was delivered, on Fu-nez’ signal, other law enforcement officers arrested both defendants.
At trial, over objection of counsel, the court allowed Funez, who was present during the informant’s October 28 conversation with Ballard, to testify that the informant had given his written consent to the electronic monitoring. The informant did not testify. Over defendant’s objection the trial court admitted into evidence the tapes containing the informant’s two telephone conversations with Ballard.
The jury found both defendants guilty as charged. The trial court sentenced each to five years imprisonment and imposed a $50,000 fine on each. This appeal ensued.
Defendants contend that the trial court erred in admitting into evidence the confidential informant’s taped telephone conversations. They argue that the informant should have been required to testify in person for the court to determine his consent to the recordings. ,
Section 934.03(2)(e), Florida Statutes (1983), permits a warrantless interception of oral communications where one of the parties to the communication has given pri- or consent to interception and the purpose of the interception is to obtain evidence of a criminal act.[1] In Tollett v. State, 272 So.2d 490 (Fla.1973), the Florida Supreme Court held that the requisite consent to a warrantless interception of an oral communication must be established by competent and relevant testimony of a party to the communication, subject to cross-examination by the defendant, as a condition precedent to introduction of the recording into evidence. Furthermore, the fact that the confidential informant signed a consent form is no substitute for in-court testimony of the informant. Lopez v. State, 372 So.2d 1136 (Fla. 2d DCA 1979).
Although under Tollett ⅛ rationale, the taped conversations of the informant and Ballard were clearly inadmissible, we believe their admission into evidence was harmless error. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In Tollett the evidence against the defendant consisted primarily of an informant’s taped telephone conversations where the informant did not testify concerning his consent.
Here, the two inadmissible conversations did not constitute the sole evidence against the defendants. Rather, an abundance of convincing, admissible evidence was introduced implicating the defendants in this conspiracy. For instance, several recorded conversations between Funez and Anderson were admissible, because Funez testified that he consented to the taping of those conversations. These conversations clearly demonstrated that Anderson was a major negotiator in the transaction. Further, Funez’ admissible telephone conversations with Ballard implicated both Anderson and Evans. Thus, the inadmissible tapes were merely cumulative evidence of what was disclosed by admissible tapes.
Moreover, there was direct evidence beyond the tapes. Funez was examined and cross-examined extensively concerning his negotiations with Anderson and Evans regarding purchase of the marijuana. Another officer testified as to his observations outside the motel room concerning Anderson and Evans’ activities. Thus, there was substantial competent evidence, other than the two inadmissible conversations, from which the jury must have reasonably concluded that both defendants were guilty. Thus, we conclude the error in admitting the two tapes was harmless beyond a reasonable doubt. See Chapman, 386 U.S. at 24, 87 S.Ct. at 828.
We have examined the other three points raised by defendants and find they have no *748 arguable merit. Accordingly, we affirm Evans and Anderson’s convictions and sentences.
GRIMES, A.C.J., and SCHEB and OTT, JJ., concur.

. Section 934.03(2)(c) provides:
It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.