770 So.2d 252 (2000)
Scott GESKE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2615.
District Court of Appeal of Florida, Fifth District.
October 27, 2000.
Keith F. Szachacz and Kepler B. Funk of Funk & Szachacz, P.A., Melbourne, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Scott Geske alleges that the trial court erred by allowing the State to present, *253 during the trial below, similar fact evidence of three separate incidents. The similar facts of the first two incidents were properly admitted to prove identity and modus operandi and otherwise satisfied the chief purposes of the rule allowing that evidence. See Fla. Stat. § 90.404(2)(a) (1997). Although the facts involved in the third incident were not as similar, the testimony was admissible because it established the circumstances leading to Geske's arrest and was both relevant evidence and not unduly prejudicial. See, e.g., Griffin v. State, 639 So.2d 966 (Fla.1994), cert. denied, 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
We also reject Geske's argument that the trial court erred in striking his third and fourth amended notices of alibi. A defense violation of the alibi rule inherently prejudices the prosecution. See Perez v. State, 648 So.2d 715 (Fla.1995). Geske filed his third and fourth amended notices after the jury was sworn and after his opening statement in which he asserted an alibi for the second incident which did not correspond with any of his previous notices of alibi. In addition to the prejudice suffered by the State by the attempted late filings, Geske, while given the opportunity, failed to demonstrate good cause for a waiver of the rule's requirements. See generally id. at 718.
During closing arguments, the state argued: "I submit to you if you were a young woman, 12:30 at night, and you're in your car and you have a man with his penis hanging out...." This golden rule argument is clearly impermissible and Geske's counsel made a timely objection. See, e.g., DeFreitas v. State, 701 So.2d 593, 601 (Fla. 4th DCA 1997). A single isolated improper golden rule argument, however, may be deemed harmless. See Davis v. State, 604 So.2d 794 (Fla.1992). The trial court ultimately found it to be harmless in the instant case and we agree that there is no reasonable possibility that the improper comment affected the jury's verdict. We note that following Geske's objection, the trial court rebuked the prosecutor and told the jury that they were not to put themselves in the position of any of the parties in the case.
Geske also challenges the denial of several of his motions for acquittal. We find merit in one of these challenges. In the first incident, Geske was charged and convicted of both attempted sexual battery and false imprisonment. After exposing his penis to the victim, Geske chased her down and tackled her twice. Before abandoning the attack as two men approached, Geske told the victim that he had a gun, covered her mouth, grabbed at her underwear, told her that he was not going to rape her, but continued to touch her inappropriately. The jury found Geske guilty of attempted rape.
If a victim's confinement in an attempted sexual battery is incidental to the attempt, a conviction for false imprisonment must be vacated when a conviction for attempted sexual battery is also obtained. See Keller v. State, 586 So.2d 1258 (Fla. 5th DCA 1991). Here, the jury reasonably convicted Geske of the attempted rape, but because the victim's confinement was incidental to the attempt, the conviction for false imprisonment based on the same course of conduct must be vacated.
We find no error in either the denial of Geske's remaining motions for acquittal or points on appeal. Accordingly, we reverse as to the conviction for false imprisonment, affirm the remaining convictions, and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HARRIS, PETERSON and PLEUS, JJ., concur.