FARMER, J.
In this kidnapping/sexual battery case, the trial judge admitted similar fact evidence in the nature of sexual battery crimes committed more than 10 years earlier in Minnesota. Defendant argues that the only function of this similar fact evidence was to prove his propensity to commit the crimes charged. We reverse.
The victim in this case testified that she was on the phone at a gas station trying to get a ride to work when defendant overheard her conversation and offered her a ride. She went with him in his tractor-trailer but instead of taking her to work, he drove to the Farmer’s Market, dropped his trader, and pulled to the side of the road. He then grabbed her by the back of the head, pressed a knife to her neck, dragged her into the sleeping compartment of the truck and ripped her clothes off. He tied her neck, hands and feet with his belt, speaker wire and duct tape. Then he sexually battered her. When he had finished he threw her out, wrapped only in a mover’s blanket. She walked approximately three miles to her mother’s house and called police.
Defendant gave a conflicting account. He testified that she approached him at the gas station and offered him sex for $40. After he agreed, she voluntarily accompanied him to his truck. He then drove to the Farmer’s Market where he *288 had consensual oral sex and sexual intercourse with her.
In pretrial hearings, the court determined to permit the testimony of two witnesses as to similar fact evidence[1] involving defendant. The first witness, testified that in 1985 she was at a bar in Minnesota when defendant approached her and repeatedly offered to buy her a drink, which she refused. Later she left the bar and walked to her car alone. Defendant approached her and asked if he could have a ride home. She refused. He opened the car door and punched her in the face, knocking her to the other side of the car. When she attempted to escape, defendant grabbed her by the hair and drove off with her feet dragging on the pavement. Eventually, he took her to an abandoned house where he told her that he was going to rape her. He hit her several times, ripped her pants off, touched her vaginal area over her clothes, and tried to kiss her while holding her down.
When headlights approached and cars began stopping nearby, he became alarmed and drove off. On another road he again attempted to rape her. Ultimately, she convinced him to drive her home, lulling him into thinking she lived alone and would comply with his sexual advances once in her house. When they arrived, her brother was home. Defendant made a hasty retreat. Ultimately, he was arrested and admitted the attack.
The second witness testified that on a night in 1985, when she was 15 years old, she had finished baby-sitting for a couple who lived about two miles from her home. The father asked defendant, who was visiting the couple, to give her a lift home. Instead of driving home, he drove her to an isolated corn field where he stopped the car and, against her will, began kissing her. He removed her clothing and pinned her down on the car seat. She screamed and he put his hand over her mouth and told her that other girls had refused him several times and that he was not going to let her do the same. He raped her. Then, with ostensible compassion, he said he was sorry. She eventually reported the incident to the police and was present in court when he admitted to the attack and pleaded guilty to sexual assault.
The state argued that this similar fact evidence was admissible to show a common scheme, identity, and the absence of mistake. The defense at trial, however, was that the sexual acts were voluntary, even if illegal.[2] Identity was therefore not an issue. Nor did defendant claim that he was mistaken about whether the victim had consented. He timely objected to this evidence at trial. The jury found him guilty.
Our Evidence Code provides that similar fact evidence “is inadmissible when the evidence is relevant solely to prove bad character or propensity.” § 90.404(2)(a), *289 Fla. Stat. (1999)[3]; see also Chandler v. State, 702 So.2d 186 (Fla.1997); Hayes v. State, 660 So.2d 257 (Fla.1995); Peek v. State, 488 So.2d 52 (Fla.1986) (in every criminal case elements of offense must be established beyond reasonable doubt without resorting to character of defendant or to fact that defendant may have propensity to commit particular offense); Drake v. State, 400 So.2d 1217 (Fla.1981). Indeed similar fact evidence has been recognized as intrinsically damaging:
“Similar fact evidence that the defendant committed a collateral offense is inherently prejudicial. Introduction of such evidence creates the risk that a conviction will be based on the defendant’s bad character or propensity to commit crimes, rather than on proof that he committed the charged offense. Such evidence is, therefore, inadmissible if solely relevant to bad character or propensity to commit the crime.” [c.o.]
Heuring v. State, 513 So.2d 122, 124 (Fla. 1987).[4] Therefore, to minimize the risk of a wrongful conviction, outside the familial sexual battery context, similar fact evidence must meet a high standard of relevance: “[t]he charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses.” Heuring, 513 So.2d at 124.
Thus to admit the similar fact evidence in this case, it had to be not only “strikingly similar” to the crime charged, but also share some unique characteristic pointing to defendant. Heuring, 513 So.2d at 124; Thompson v. State, 494 So.2d 203, 204 (Fla.1986) (“the identifiable points of similarity must pervade the compared factual situations, and, if sufficient factual similarity exists, the facts must have some special character or be so unusual as to point to the defendant.”); Drake, 400 So.2d at 1219 (“Given sufficient similarity, in order for the similar facts to be relevant the points of similarity must have some special character or be so unusual as to point to the defendant.”). The trial court thought the proposed evidence “a signature or a fingerprint type of case,” adding that the testimony was “very strong evidence towards the absence of consent.”
We disagree. Here, the state argued that the similar fact evidence was relevant to prove a common scheme or plan. But the circumstances of the sexual batteries in Minnesota bore scant similarity to the brutal attack on the victim in this case. The record does not highlight any common features in the physical characteristics of the victims: one in Minnesota was but 15, while the age of the others does not seem to be salient. The victim of the crime charged was brutally hog-tied, while the others were not sought to be bound at all. The victim here was left without her clothes, covered only by a blanket, while the others ended the incident at least fully clothed. One of the others involved a failed attempt, while the crime on trial was horribly complete. In this case, the de *290 fense was sex for sale, while the other incidents involved no defense at all — defendant pleaded guilty. The crime charged here began near a public telephone at a service station; the others began at a bar and in a private home. The crime charged was committed with the use of a deadly weapon, a knife pressed against the throat, but no weapon appears in the others.
In the end, the only similarity between the charged offense and the similar fact evidence was that the perpetrator forced himself (or attempted to do so) on women. There was no common method of carrying out a sexual battery, not even a similar one — unless the use of a vehicle would make them strikingly similar. It does not, of course. There is nothing about the Minnesota crimes uniquely pointing to the same perpetrator for the Florida crime on trial. A new trial is unavoidable.[5]
REVERSED.
POLEN and SHAHOOD, JJ., concur.

. Similar fact evidence is evidence of an uncharged crime not linked or related circumstantially to the crime charged. See Gorham v. State, 454 So.2d 556 (Fla.1984) (distinguishing similar fact evidence, as unrelated bad acts of defendant, from acts that link defendant to victim circumstantially); see also Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) (using term "similar fact evidence" to describe act unrelated to crime on trial but offered to show identity, intent and plan of design).

. The trial court excluded evidence of the victim's history of convictions for prostitution. It is perhaps ironic that evidence of defendant's prior criminal history is admissible to prove him guilty of this crime but evidence of the principal accuser's prior criminal history is inadmissible to prove a defense that, if anything, only a different crime was committed on this occasion.

. “Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but is inadmissible when the evidence is relevant solely to prove bad character or propensity.”

. Although the principal holding of Heuring is to relax the rule against evidence of propensity to permit similar fact evidence to be used in sexual battery cases in the family context with young children, and to lessen the degree of similarity required for such admission, the part just quoted is applicable outside that context where, as here, the defense is that the victim has fabricated the incident. State v. Rawls, 649 So.2d 1350, 1354 (Fla.1995).

. The record does support defendant's argument that the sentence was improper. The State failed to provide the court with evidence showing that defendant's Minnesota convictions were analogous to Florida crimes. See Fla.R.Crim.P. 3.701(d)(5)(B) (in scoring out-of-state conviction, sentencing judge should assign score for analogous or parallel Florida crime). Thus, if sentencing should again become necessary and the Minnesota convictions are used to increase defendant's guidelines score, the court shall require proof that the Minnesota crimes parallel Florida crimes.