SCHWARTZ, Chief Judge.
Randle appeals from his conviction after a jury trial for possession of narcotics with intent to sell on July 4, 2000. Rejecting his primary point for reversal, we conclude that evidence that the police officer involved in the arrest had observed him committing a similar offense on June 28, 2000, was properly admitted, even under the Williams Rule, to counter the defendant’s contention that the officer had framed him in this case by lying about his participation in the crime and simultaneously letting the person who had actually committed it go. Plainly, the jury was entitled to disbelieve that defense because of the inherent incredibility of the claim that the officers would permit him to escape for something he did do and punish him for something he did not. § 90.404(2)(a), Fla. Stat. (2000);[1] see Robertson v. State, 780 So.2d 106 (Fla. 3d DCA 2001)(previous offense admissible to counter defense claim of accident), review granted, 799 So.2d 219 (Fla.2001); see also Geske v. State, 770 So.2d 252 (Fla. 5th DCA 2000)(testimony of other offense ad *419 missible to establish circumstances leading to arrest). See generally, Consalvo v. State, 697 So.2d 805 (Fla.1996)(appropriate for prosecution to anticipate defense reasonably raised by evidence), cert. denied, 523 U.S. 1109, 118 S.Ct. 1681, 140 L.Ed.2d 819 (1998).
The appellant’s remaining point presents no reversible’error.
Affirmed.
FLETCHER, J., concurs.

. 90.404 Character evidence; when admissible.—
* * *
(2) OTHER CRIMES, WRONGS, OR ACTS.—
(a) Similar fact evidence of other crimes, wrongs, - or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity-