835 So.2d 286 (2002)
Ira Clifford BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3192.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
Rehearing Denied January 27, 2003.
*287 Ed Tilton, Gainesville, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Clifford Burke (Burke) appeals a final judgment and sentence after a jury found him guilty of one count of lewd or lascivious molestation of a child,[1] an eight year old female. He was sentenced to fifteen years in the Department of Corrections, and designated a sexual predator. Burke complains that the lower court erred in *288 admitting Williams rule[2] evidence because the prior and instant offenses were not sufficiently similar, and the earlier offense was too remote in time. He also argues that the trial court erred in permitting into evidence a videotaped interview between the child-victim and a detective because it was cumulative of the child's testimony at trial. We affirm.
Burke testified that after he had a disagreement with his wife he went to a nearby lake to cool off and drink some beer. Shortly thereafter, he went to a baseball park looking for his family, but was told that they were not there. He got into his Bronco, but had an urge to urinate that was so strong, he couldn't wait. He parked his Bronco in a parking area, and left to find a bathroom. He saw some dumpsters and two men urinating between the dumpsters. He proceeded to the bathroom (a unisex, temporary toilet), but when he tried the door, someone else (the victim) was inside with the door locked.
He then went back towards his car past the dumpsters, and noticing that no one else was about, he decided to relieve himself and began urinating by the dumpsters. At this point, Burke claimed that the victim, who was looking for her family, approached and surprised him while he was urinating. She began to scream "rape" and "kidnap," and she began running. Burke said he was unable to calm or catch her, so he headed for his Bronco.
The victim's version was that she had gone to the ballpark with her aunt, cousin and an older girl, Samantha. Samantha had taken her to the bathroom and was waiting for her. However, unbeknown to the victim, Samantha got tired of waiting and left with another girl. When the victim exited the bathroom, she began calling and looking for Samantha and her family. Burke heard her and told the victim "she's over here." He then grabbed her from behind and began touching her inappropriately, but she struggled and freed herself, running away.
In 1979, Burke was convicted of committing the same offense on another child. Prior to the trial in this case, the state sought to introduce evidence of this earlier conviction as similar fact evidence, and a Williams rule hearing was held. The victim of the 1979 offense, the detective that investigated that case, and a woman who was a witness and called for help, testified at the Williams rule hearing. After the hearing, the court permitted evidence of the 1979 offense to be introduced.
The witnesses' description of the 1979 offense, when compared with the events in the instant case, establish the two offenses were factually similar on the following points: (1) prior to committing both offenses, Burke had had family problems; (2) Burke had been drinking beer immediately prior to the time of both offenses; (3) at the time of the crimes, the child victims were approximately the same age; (4) both children were in a public place (a park and a baseball complex) when approached by Burke; (5) both were children alone; (6) both children were upset at having been separated from their families, and were looking for them; (7) Burke offered to help both children look for their families; (8) Burke attempted to get both children into secluded areas; and (9) Burke grabbed both children and put his hand over their mouth during the offenses.
There was only one difference between the two offenses. In the 1979 offense Burke unzipped his pants and touched and licked the victim's vagina. However in the instant case, Burke did no more than grab the victim from behind and put his hand *289 over her mouth, allegedly touching her genital area. Burke claims that the two offenses are thus distinguishable. However, the victim in this case struggled and escaped Burke after he grabbed and touched her, and he did not have an opportunity to further pursue his offense as he did in the 1979 case. This difference is but a difference in opportunity, as noted in Chandler v. State, 702 So.2d 186, 193 (Fla. 1997).
The facts surrounding the 1979 offense and conviction are sufficiently similar to be admissible as Williams Rule evidence under section 90.404.[3]See Chandler v. State, 702 So.2d 186 (Fla.1997); Titel v. State, 788 So.2d 286 (Fla. 4th DCA 2000).
However, where child molestation is involved, section 90.404(2) broadens the admissibility of similar fact evidence. The statute provides:
(b)1. In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant. (emphasis added)
Burke's testimony was that the victim was mistaken and that he was only acting to help her. The inference was that viewing him urinate had frightened her and she overreacted by screaming rape and kidnap. The collateral crime evidence was relevant to rebut Burke's testimony and to show his intent, plan, scheme, absence of mistake, and modus operandi, Zack v. State, 753 So.2d 9 (Fla.2000); Irons v. State, 791 So.2d 1221 (Fla. 5th DCA 2001); Geske v. State, 770 So.2d 252 (Fla. 5th DCA 2000). Thus, the trial court properly admitted this evidence.
We also disagree that the evidence regarding the 1979 offense is too remote in time because it occurred twenty-two years prior to the instant offense. The remoteness of a prior crime is one aspect of relevance, which tends to prove or disprove a material fact. Duffey v. State, 741 So.2d 1192, 1197 (Fla. 4th DCA 1999); § 90.404(2)(a). In a claim of remoteness, the trial court must consider not just the passage of time, but also the effect of the passage of time on the evidence. Heuring v. State, 513 So.2d 122, 123 (Fla. 1987); Duffey. Remoteness precludes the use of evidence that has become unverifiable through loss of memory, unavailability of witnesses, and other similar problems. Heuring at 124. Admission of remote evidence is within the trial court's discretion.
Duffey.
The victim, the detective and a witness testified to the facts in the 1979 case. Their memories and recall were clear and cohesive. The passage of time did not taint the evidence or prejudice Burke in any way, and the trial court did not abuse its discretion in admitting this evidence.
Burke's last claim is also without merit. The victim in this case gave live testimony at the trial. Burke argues that admission of a video-taped interview between the victim and a detective from the Putnam County Sheriff's Office was cumulative or duplicative, and was improperly admitted.
Admission of cumulative evidence, rarely constitutes grounds for a new trial. Singleton *290 v. State, 783 So.2d 970, 976 (Fla. 2001); Sims v. State, 754 So.2d 657, 662 (Fla.2000)(cumulative evidence presented insufficient to warrant new trial). See also Carrillo v. State, 727 So.2d 1047, 1048 (Fla. 2d DCA 1999); Evans v. State, 473 So.2d 745 (Fla. 2d DCA 1985). We find that the trial court did not abuse its discretion in admitting the evidence challenged in this appeal.
AFFIRMED.
HARRIS and ORFINGER, R.B., JJ., concur.
NOTES
[1] § 800.04, Fla. Stat.(2001).
[2] Williams v. State, 110 So.2d 654 (Fla.1959).
[3] Section 90.404(2) provides:

(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan knowledge, identity or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.