**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard MACHADO, Defendant–
Appellant.**

**No. 98–50297**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 1999

Filed Sept. 7, 1999

Ronald O. Kaye, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Michael J. Gennaco, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: HALL and T.G. NELSON, Circuit Judges, and WARE,[1] District Judge.

T.G. NELSON, Circuit Judge:

Richard Machado appeals his conviction, after a jury trial, for interference with federally protected activities in violation of 18 U.S.C. § 245(b)(2)(A). He claims that the district court violated Federal Rule of Criminal Procedure 24(b) by providing him with only three rather than ten peremptory challenges. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I.

The facts of this case are not contested. On September 20, 1996, Machado composed and sent a racist, profane e-mail message from the computer lab at the University of California at Irvine to approximately sixty Asian–American students. Machado transmitted this same e-mail message to the targeted group of Asian–American students twice.

On November 13, 1996, the Government filed a ten-count indictment charging Machado with misdemeanor interference with federally protected activities in violation of 18 U.S.C. § 245(b)(2)(A). When Machado failed to appear for his arraignment, a warrant was issued for his arrest. On February 7, 1997, Machado was arrested and taken into custody.

On November 4, 1997, a jury trial was commenced on the ten-count indictment. The jury was unable to reach a verdict, and on November 21, 1997, the district court declared a mistrial.

Prior to retrial, the district court granted Machado's motion to compel election of counts in the indictment on grounds of multiplicity, or to dismiss the indictment. The Government responded by filing a first superseding information charging Machado with two counts of misdemeanor violation of 18 U.S.C. § 245(b)(2)(A). Also prior to retrial, the district court ruled that Machado was entitled to exercise only three peremptory challenges under Federal Rule of Criminal Procedure 24(b), as opposed to the ten that the court had allowed in the first trial.

On February 10, 1998, the jury returned a guilty verdict on count one of the first superseding information but was unable to reach a unanimous verdict as to count two. The district court declared a mistrial on count two. On February 13, 1998, the Government indicated that it did not intend to proceed on count two, and Machado was released from federal custody.

On May 4, 1998, Machado was sentenced to a one-year term of imprisonment on count one, to be followed by a one-year period of supervised release. Machado was credited for time served, which was a little over a year, and was therefore not recommitted. On May 4, 1998, the district court also granted the Government's motion to dismiss count two of the superseding information.

---

1. Honorable James Ware, United States District Court Judge for the Northern District of California, sitting by designation.

## II.

This case requires us to interpret Federal Rule of Criminal Procedure 24(b) to determine whether Machado was entitled to ten rather than three peremptory challenges. We review this question involving the interpretation of the federal rules *de novo*. *See Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir.1996).

Federal Rule of Criminal Procedure 24(b) provides:

> **Peremptory Challenges.** If the offense charged is punishable by death, each side is entitled to 20 peremptory challenges. If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. If the offense charged is punishable by imprisonment for not more than one year or by fine or both, each side is entitled to 3 peremptory challenges.

Fed.R.Crim.P. 24(b).

Machado was charged with two separate misdemeanor violations of 18 U.S.C. § 245(b)(2)(A). A misdemeanor violation of § 245(b)(2)(A) is "punishable" by a fine of not more than $1000 and/or imprisonment of "not more than one year." *See* 18 U.S.C. § 245(b). Therefore, the "offense charged" in this case was "punishable by imprisonment for not more than one year," and Machado was thus entitled to only three peremptory challenges. *See* Fed.R.Crim.P. 24(b).

Machado argues, however, that he was entitled to ten peremptory challenges under Rule 24(b) because he was charged with two different misdemeanor offenses which, in the aggregate, could have resulted in a sentence of more than one year of imprisonment.

Although this circuit has not addressed the argument raised by Machado, the Seventh Circuit has. In *United States v. Ming*, 466 F.2d 1000 (7th Cir.1972), the Seventh Circuit stated:

A few of defendant's claims of prejudicial error merit only passing comment.

He charges the method of selecting the jury was improper, citing Rule 24(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. He now asserts that the trial court erred in limiting each side to three peremptory challenges because the defendant's total punishment could and did exceed one year. The short answer to this is that defendant was charged in one information with four counts of the same offense, a misdemeanor, for which the statutory penalty is not more than one year or a fine or both. He cites no supporting authority. The rule is to the contrary and the trial court properly granted only three peremptory challenges to each side. *More than one count properly joined in one indictment or information does not increase the number of peremptory challenges to which a defendant is entitled. It is foreclosed by the statute itself.*

*Id.* at 1006 (emphasis added) (footnote omitted).

In *United States v. Hutchings*, 751 F.2d 230 (8th Cir.1984), the Eighth Circuit addressed a similar issue. In that case, the defendant was charged with seventeen different felony offenses in the same indictment. *Id.* at 233–34. The defendant argued that "he was entitled to ten peremptory challenges per charge under Rule 24." *Id.* at 236. The court rejected the defendant's argument, stating that "[t]he proper joinder of multiple counts in one indictment does not entitle a defendant to an increased number of peremptory challenges." *Id.* at 237; *cf. Lewis v. United States*, 518 U.S. 322, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996) (rejecting a defendant's argument that the aggregate potential term of imprisonment in a multioffense prosecution is to be examined in assessing whether the defendant is entitled to a jury trial).

We find the Seventh and Eighth Circuits' approach persuasive. Rule 24 simply states that "[i]f the offense charged is punishable by imprisonment for not

more than one year or by fine or both, each side is entitled to 3 peremptory challenges." Fed.R.Crim.P. 24(b). This plain language requires a court to look at each offense charged and determine the punishment for that offense. If the punishment for that offense, and for any other offense in the indictment or information, does not exceed one year, a defendant is entitled to only three peremptory challenges. There is nothing in Rule 24 that would allow aggregation of offenses or potential punishments in determining the number of peremptory challenges to which a defendant is entitled. Therefore, the proper joinder of more than one count in one indictment or information does not increase the number of peremptory challenges to which a defendant is entitled.[2]

AFFIRMED.

**2.** We have considered and reject Machado's argument that he was entitled to ten peremptory challenges because he was actually in custody for more than one year. It is the length of sentence of imprisonment that can be imposed for the offense that is determinative of the number of peremptory challenges a defendant is entitled to under Rule 24(b). The length of time that a defendant ultimately ends up spending in federal custody plays no role in the peremptory challenge determination. *See* Fed.R.Crim.P. 24(b).