**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Vincent Mark MCNEASE, Defendant—**
**Appellant.**

**No. 01–50672.**
**D.C. No. CR–97–03071–JTM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM**

Vincent Mark McNease appeals the revocation of his supervised release term and resulting 10–month sentence. McNease contends that the district court violated Fed.R.Crim.P. 32.1 by failing to conduct a prompt preliminary hearing to determine whether there was probable cause to hold him for a revocation hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation of the federal rules, *United States v. Machado*, 195 F.3d 454, 456 (9th Cir.1999), and we affirm.

The district court correctly ruled that a preliminary probable cause hearing was not required because McNease was not in custody on the ground that he violated a condition of supervised release, but rather was being held as a result of his subsequent arrest for importing marijuana. *See* Fed.R.Crim.P. 32.1(a)(1) (2001) (amended effective December 1, 2002) (prompt preliminary hearing required "[w]henever a person is held in custody on the ground that the person has violated a condition of probation or supervised release"); *United States v. Diaz–Burgos*, 601 F.2d 983, 984–

85 (9th Cir.1979) (per curiam) (no preliminary probable cause hearing required when, at time of revocation proceeding, defendant was already in custody because of another prosecution).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

