852 So.2d 425 (2003)
Anthony HOUSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3121.
District Court of Appeal of Florida, Fifth District.
August 22, 2003.
*426 James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Anthony Houston, was convicted by jury of two counts of sexual battery based on coercion of the victim in violation of section 794.011(4)(b), Florida Statutes (2000). He was adjudged to be a habitual felony offender and sexual predator, and was sentenced for the commission of these crimes to serve two concurrent terms of life in prison. He was also ordered at sentencing to receive medroxyprogesterone acetate ("MPA"), if deemed appropriate and if ever released from prison, pursuant to section 794.0235, Florida Statutes (2000). Houston attacks his judgment and sentence on a number of grounds, only two of which require discussion. First, Houston asserts that similar fact evidence was improperly admitted in evidence at his trial. Second, Houston attacks the constitutionality of section 794.0235. We affirm the judgment and sentence in all respects except for that aspect dealing with the administration of MPA. Because the trial court failed to follow the requirements of the statute authorizing the use of MPA, we reverse that part of the sentence.

SIMILAR FACT EVIDENCE
One of the elements of the offenses that Houston was accused of committing is lack of consent on the part of the victim. Houston was convicted of having coerced sex with a homeless woman who he met at a bus station in the early morning hours on the date of the offense. The defense assertion was that the encounter was consensual. During the course of the trial, evidence of two other coerced sexual encounters with homeless women was introduced by the State. Houston contended that both of those experiences were also consensual. The two women both testified, however, that they were violently forced. Houston objected both pretrial and during trial to the introduction of the evidence of these prior acts on the ground that the testimony was not relevant and amounted to no more than an attempt to prove bad character or a propensity to commit crimes. The trial court overruled these objections. Houston continues to maintain that the introduction of the evidence of the earlier two attacks was erroneous. We disagree.
In general, evidence that is relevant to prove a fact in issue is admissible in accordance with section 90.404(2), Florida Statutes (2002), generally referred to as the *427 Williams rule.[1] That statutory subpart, entitled "Other crimes, wrongs, or acts," reads in pertinent part as follows:
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
Collateral crime evidence is given special evidentiary treatment because of the obvious danger of prejudicing a jury against a criminal defendant based on the bad character of the accused. Specific instances of such conduct is admissible under the statute, however, to prove identity, motive, or any of the other matters listed in section 90.404(2). It is not admissible only to show the bad character or propensity of a defendant to commit crime. See Schwab v. State, 636 So.2d 3 (Fla.), cert. denied, 513 U.S. 950, 115 S.Ct. 364, 130 L.Ed.2d 317 (1994). The evidence of prior sexual batteries on other women may be relevant in this regard to rebut the defense of consent by demonstrating that the defendant had a common plan or scheme to perpetrate the crime. See Williams v. State, 621 So.2d 413 (Fla.1993); Irons v. State, 791 So.2d 1221 (Fla. 5th DCA 2001). We conclude that the evidence was properly admitted in Houston's trial.
In the present case the victims were all heavy-set middle aged, transient, white females with brown hair. They were alone when approached by Houston, and were attacked within a ten-block area in downtown Orlando. Houston isolated each woman either with a promise of a shortcut or a place not to be bothered by the police. The acts forced on each woman were similar in method and coerced by threats, and in each instance he claimed the consent of the woman.
Similar fact evidence relevant to prove a material fact other than identity need not meet the rigid similarity requirement applied when such evidence is used to prove identity. See Gould v. State, 558 So.2d 481, 485 (Fla. 2d DCA 1990), quashed on other grounds, 577 So.2d 1302 (Fla.1991). There is little doubt in the present case that the evidence of Houston's collateral crimes was admissible. The points of commonality, taken as a whole, reflect a unique pattern of crime commission by Houston that the jury was entitled to consider on the question of consent.
We, likewise, do not believe that the similar fact evidence became a feature of the trial so that its prejudicial effect outweighed its probative value. The trial judge admitted into evidence only two of nine alleged attacks by Houston on various women sought to be introduced by the State. Moreover, instructions were given to the jury regarding the limited purpose of the evidence, and the sum total of the Williams rule testimony comprised only a small part of the transcript. Finally, the prosecutor did not mention the similar fact evidence in opening, and only briefly touched on it in closing argument.
Accordingly, we find no error in the admission of the collateral crime evidence.

APPLICABILITY OF SECTION 794.0235
Prior to his sentencing, Houston filed a motion seeking to have the trial *428 court declare section 794.0235, Florida Statutes (2000), concerning chemical castration, to be unconstitutional. The primary bases argued by Houston in support of his position are that chemical castration is a "cruel or unusual punishment" violative of Article I, Section 17 of the Florida Constitution, and a "cruel and unusual punishment" violative of the Eighth Amendment to the United States Constitution. Houston argues, additionally, that the statute is overbroad and requires an "extra label" use of MPA.
At sentencing Houston raised his constitutional assertions regarding the statute in a cursory manner and without substantive argument. After sentencing Houston to life terms, the court then announced:
I'm going to deny the motion to hold the M.P.A. statute to be unconstitutional. I don't think that's what they had in mind with the M.P.A. amendment. I'm going to order M.P.A., if deemed appropriate, and if he's ever released.
We conclude that the trial court erred in the imposition of the MPA requirement. Section 794.0235(2)(a) requires that an order sentencing a defendant to MPA treatment shall be:
... contingent upon a determination by a court appointed medical expert, that the defendant is an appropriate candidate for treatment. Such determination is to be made no later than 60 days from the imposition of sentence.
The statute also requires the sentencing court to, "specify the duration of treatment for a specific term of years, or in the discretion of the court, up to the life of the defendant."
The trial court did not at any time appoint a medical expert to opine on whether Houston is an appropriate candidate for treatment, and failed to specify the duration of treatment in the sentence. As these mandatory requirements of the statute were not satisfied, that portion of the sentence requiring MPA treatment is reversed. The judgment and sentence is otherwise affirmed.[2]
AFFIRMED in part, REVERSED in part.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[2] In view of the mootness of the issue, we offer no opinion on the constitutionality of section 794.0235, Florida Statutes (2001).