933 So.2d 1252 (2006)
Harold Ray BOONE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-5316.
District Court of Appeal of Florida, First District.
July 24, 2006.
*1253 Susan W. Fox, of Fox & Loquasto, P.A., Tampa; and Wendy S. Loquasto, of Fox & Loquasto, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
An amended information charged Harold Ray Boone (Appellant) with two counts of lewd and lascivious conduct on a child under age 16; one count of lewd and lascivious exhibition in the presence of a child under age 16; eight counts of capital sexual battery on a child under age 12; one count of lewd and lascivious molestation of a child under age 12; one count of employing, authorizing, or inducing sexual performance of a child under age 18, knowing the character or content thereof; and one count of possession of child pornography in photographs and/or motion pictures. A jury found Appellant guilty as charged in 13 of the 14 counts. On the charge of lewd and lascivious exhibition in the presence of a child under age 16, the jury found Appellant guilty of the lesser-included offenses of attempted lewd and lascivious exhibition in the presence of a child under age 16. The trial court adjudicated Appellant guilty and sentenced him to various terms of incarceration, the most serious being life without possibility of parole. Finding that Appellant meets the requirements of a "sexual predator" under sections 775.21, 943.0435, and 944.605-.607, Florida Statutes (2004), the court (over defense counsel's objection) ordered medroxyprogesterone acetate (MPA) treatment, informally known as "chemical castration," to occur at some undetermined time pursuant to section 794.0235, Florida Statutes (2004). Appellant appeals his convictions and the order to undergo MPA treatment.
Although errors occurred during the guilt phase of Appellant's trial  among them, contrary to the State's position on appeal, a clear violation of "the Golden Rule"  there is no reasonable possibility that these cumulative errors contributed to the conviction, i.e., the errors are harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
As to the sentencing phase of the trial, the State filed notice of intent to seek Appellant's classification as a sexual predator. Section 794.0235(1), Florida Statutes (2004), authorizes the trial court to sentence a defendant to MPA treatment. Subsection (2)(a) of this statute states that a court order sentencing a defendant to MPA treatment "shall be contingent upon a determination by a court appointed medical expert, that the defendant is an appropriate candidate for treatment," and "[s]uch determination is to be made not later than 60 days from the imposition of sentence." A court order imposing MPA treatment "shall specify the duration of treatment for a specific term of years, or in the discretion of the court, up to the life of the defendant." Pursuant to statutory *1254 subsection (2)(b), where a defendant is sentenced to a period of incarceration, the administration of MPA treatment "shall commence not later than one week prior to the defendant's release from prison or other institution." The State concedes the trial court failed to follow the statutory procedures before ordering MPA treatment. Because the trial court failed to comply with the mandatory statutory procedures before ordering MPA treatment, we reverse and strike that portion of Appellant's sentence ordering MPA treatment. See Jackson v. State, 907 So.2d 696, 697 (Fla. 4th DCA 2005) (holding that section 794.0235 directive that defendant receive medical examination, within 60 days of imposition of sentence for sexual offense, to determine suitability for chemical castration, as prerequisite to imposition of sentence of chemical castration, is mandatory rather than discretionary); Houston v. State, 852 So.2d 425, 428 (Fla. 5th DCA 2003) (reversing portion of sentence requiring MPA treatment, where trial court failed to comply with mandatory provisions of section 794.0235 relating to appointment of medical expert and specification of duration of treatment).
Appellant's convictions are AFFIRMED, his sentences to varying periods of incarceration are AFFIRMED, but that portion of the sentence imposing MPA treatment is REVERSED and STRICKEN.
ERVIN, BENTON and BROWNING, JJ., concur.