947 So.2d 702 (2007)
William TRIPLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1671.
District Court of Appeal of Florida, Fifth District.
February 9, 2007.
*703 Frederick S. Jaeger, Jr., Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
William Triplett appeals the judgment of guilt and the sentence imposed on him by the trial court after a jury convicted him of one count of lewd or lascivious molestation of a minor less than twelve years of age, in violation of section 800.04(5)(a)(b), Florida Statutes (2004). The sole issue in this appeal is whether the trial court abused its discretion in admitting similar fact evidence[1] over Mr. Triplett's objection. Because we find no abuse of discretion, we affirm.
The general test of admissibility for similar fact evidence is relevancy. Similar fact evidence of other crimes, wrongs, or acts is only admissible when it is relevant to prove a material fact in issue, including proof of intent, plan, identity, or absence of mistake or accident. It is inadmissible when the evidence is offered solely to prove bad character or the propensity of the defendant to commit a crime. See § 90.404(2)(a), Fla. Stat. (2004). If the evidence of a similar act of the accused is offered only to show that he or she is of bad character or is likely to commit the crime charged, it is not relevant to a material fact, and thus not admissible. Where child molestation is involved, however, section 90.404(2) broadens the admissibility of similar fact evidence to some extent. Subsection 90.404(2)(b)1. states in this regard:
In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
See also Burke v. State, 835 So.2d 286, 287 (Fla. 5th DCA 2002).
A collateral crime proven by similar evidence does not need to be absolutely identical to the crime charged in order to be admissible. See Schwab v. State, 636 So.2d 3 (Fla.), cert. denied, 513 U.S. 950, 115 S.Ct. 364, 130 L.Ed.2d 317 (1994). Moreover, similar fact evidence relevant to prove a material fact other than identity does not need to meet the rigid similarity requirement applied when such evidence is used to prove identity. See Houston v. State, 852 So.2d 425, 426 (Fla. 5th DCA 2003); see also Stav v. State, 860 So.2d 478, 480 (Fla. 4th DCA 2003), review denied, 871 So.2d 874 (Fla.2004). In the present case, and without discussing the facts in detail, we conclude that the trial court was correct in finding that the similar fact evidence was offered by the State to establish intent, plan and absence of mistake or accident.
Even though section 90.404(2)(b), Florida Statutes allows evidence of other acts of child molestation to be admitted for any matter to which it is relevant, relevancy remains the threshold question to be considered. Thus, the more dissimilar the *704 prior acts, the less relevant they are to the crime charged and the less likely they are to be admissible. In addition, even relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. In the case now before us the similarity between the collateral act of molestation perpetrated by Mr. Triplett with respect to another young woman and the charged molestation was a critical consideration for the trial court in conducting an appropriate weighing of the evidence required by section 90.403. See McLean v. State, 934 So.2d 1248, 1258 (Fla.2006). We think he got it right.
Generally, the admissibility of evidence is within the broad discretion of the trial court and the trial court's determination will not be disturbed on appellate review absent an abuse of that discretion. Discretion is abused when the judicial action taken is arbitrary, fanciful, unreasonable, or when no reasonable person would adopt the view taken by the trial court. See Rodgers v. State, 934 So.2d 1207, 1222 (Fla.), cert. denied, ___ U.S. ___, 127 S.Ct. 728, 166 L.Ed.2d 566 (2006); Brooks v. State, 918 So.2d 181, 188 (Fla.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 2294, 164 L.Ed.2d 820 (2006); Fitzpatrick v. State, 900 So.2d 495, 514 (Fla.2005); Huff v. State, 569 So.2d 1247, 1248 (Fla.1990); Curry v. State, 839 So.2d 887, 888 (Fla. 3d DCA 2003).
In the present case, the trial court's consideration of the issue was thoughtful and deliberate, and we find no abuse of discretion in the admission of the similar fact evidence. The previous acts of purported child molestation by Mr. Triplett shared numerous similarities with the charged offense. Moreover, the prior acts of Mr. Triplett did not become a feature of the trial. It was, in fact, barely mentioned in closing by the State (cumulating only about one page of the transcript), until the defense discussed it in greater detail in its closing. Finally, the trial court instructed the jury appropriately on the limited purpose for the admission of similar fact evidence. Accordingly, we find no error.
AFFIRMED.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).