961 So.2d 1088 (2007)
Francisco Javier MENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2972.
District Court of Appeal of Florida, Fifth District.
July 27, 2007.
*1089 Terrence E. Kehoe of Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Bill McCollum, Attorney General, Tallahassee, Carlos A. Ivanor, Jr., and Kellie A. Nielan, Assistants Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges his convictions for sexual battery on a victim less than twelve years of age and lewd and lascivious molestation of that same victim. Appellant's principal point on appeal relates to the admission of collateral crime evidence of a prior molestation concerning a different victim. We conclude that no abuse of discretion has been shown on this point and affirm the conviction.[1]
Appellant met the victim, M.T., and his family, while Appellant was employed as a counselor at M.T.'s aftercare program. At that time M.T. was six years old. Appellant gave M.T. his phone number because Appellant wanted to babysit for M.T. After some time, M.T.'s parents hired Appellant to babysit for M.T. and his younger sister on a regular basis. The acts giving rise to the charges occurred during these engagements.
M.T., who was ten years old at the time of trial, testified that, during games of tag, Appellant "would hold me, stick his hands in my pants and grab my weiner," which M.T. described as the part of his body used for "peeing." M.T. also testified that Appellant "would sometimes suck on it with his mouth and wouldn't let go of [him]." After this occurred on numerous occasions, M.T. reported this activity to his father, who notified authorities.
The collateral crime evidence related to an incident involving a different victim, R.C., who was twenty years old at the time of trial. R.C. testified that, when he was thirteen or fourteen years old, he encountered Appellant at a camp for dependent children. Appellant worked as a counselor at the camp. On the night in question, R.C. awakened during the night to discover someone "playing with" his genitals. The perpetrator returned one or two more times that night and repeated the act. Although he could not see the perpetrator's face, he stated that he was "100 percent sure" it was Appellant because of the distinctive hat worn by the perpetrator, a cone shaped ski hat. According to R.C., Appellant was the only person at this remote camp who wore this distinctive type of hat and he was "always seen with it." R.C. reported the incident the next morning.
R.C.'s identification testimony was corroborated by another witness, Leonard Coller, one of Appellant's co-workers at the camp. Coller testified that, on the night R.C. was molested, three counselors were on dutyColler, Appellant and a woman. The counselors bunked in the same quarters. The children bunked in separate buildings. After the woman counselor fell asleep, when Coller was "half asleep" watching a movie, he recalled that Appellant left the room and was gone *1090 for an unusually long time. Eventually, Coller became concerned and went to look for Appellant. When he located him, Appellant told Coller that he had been "making sure the boys were asleep." At the time, Appellant was wearing the "Robin Hood" type hat. In retrospect, Coller thought Appellant's explanation was strange because Appellant was not carrying a flashlight, which the counselors typically carried in the remote location when checking on the children at night.
The trial judge conducted a pretrial hearing to determine whether to exclude the collateral crime evidence. He concluded that the evidence was "relevant as similar fact evidence and that the probative value [was] not outweighed by the prejudicial effects [sic]." The parties agree that we are obligated to affirm unless we conclude that this ruling constituted an abuse of discretion.
Our disposition of this case is governed by section 90.404(2)(b), Florida Statutes (2006), and our supreme court's interpretation of that statute in McLean v. State, 934 So.2d 1248 (Fla.2006). Section 90.404(2)(b) authorizes the admission of collateral crime evidence in child molestation prosecutions for any relevant purpose, including to corroborate the victim's testimony by showing that the accused had a propensity for such criminal conduct. In McLean, our high court confronted a challenge to this statute on due process grounds. In upholding the constitutionality of the statute, the court adopted several standards to ensure that the use of this type of evidence does not infringe upon the due process rights of an accused. First, the court required that the evidence of the collateral crime be proven by clear and convincing evidence. Second, the court required that the trial court balance the probative value of the evidence against the danger of unfair prejudice, pursuant to section 90.403, Florida Statutes. Third, the court cautioned that the collateral crime evidence must not become a "feature" of the trial. Finally, the court required that, upon request, the jury be instructed as to the limited purpose for which the evidence may be considered.
Here, Appellant contends that the admission of the collateral crime evidence violated the McLean standards. As to the quantum of proof adduced, citing the "weakness" in the evidence, Appellant contends that the clear and convincing standard of proof was not met. We disagree. The State offered direct proof that the crime had occurred and circumstantial proof that Appellant had committed the crime. Although R.C. could not identify Appellant, he was able to identify a unique hat that Appellant wore during the crime. R.C. confirmed that Appellant "was always seen with [the hat]" and was the only person in this remote location that had such a hat. This evidence was buttressed by the testimony of Mr. Coller, who observed Appellant leave the bunkhouse on the night in question, remain gone for an unusually long period of time and, when confronted about his absence, offer an explanation that was not credible. Coller also confirmed that Appellant wore the distinctive hat on the night of the crime. We conclude that this evidence amply satisfied the clear and convincing proof threshold.
Likewise, we disagree with Appellant's contention that the trial court should have excluded the evidence pursuant to section 90.403. In reaching this conclusion, we are guided by a comparison of the facts at bar with those presented in McLean. There, McLean, while spending the night at his brother's house, sexually battered his brother's eight-year-old grandson by rubbing and inserting his finger into the victim's "bottom." During the trial, *1091 the court admitted collateral crime evidence of incidents involving a different victim that had occurred fourteen years earlier. That victim, Chambers, testified that, on two occasions while McLean was an overnight guest at Chambers' home, McLean battered him by attempting to penetrate, or actually penetrating, Chambers' anus with McLean's penis. At the time of these assaults, Chambers was twelve years old.
Under a section 90.403 analysis, we think the case at bar presents a more compelling case for admission of the collateral evidence than in McLean. In McLean, the charged and uncharged crimes were committed fourteen years apart. The charged offense involved a relative; the uncharged offenses did not. The manner of abuse was less similar than in this case. Here, by contrast, Appellant had a similar relationship with both victims. He gained employment that would give him access to his young victims. He was a counselor to each and had custodial authority over them at the time of the offenses. The incidents of abuse were only two or three years apart and both occurred in the victims' abodes. Finally, both incidents included the touching of the penis with the hand. Although the charged crimes and the uncharged crimes were not exactly the same, precise similarity is clearly not required when the collateral crime evidence is offered on an issue other than identity.[2] In the final analysis, the question is whether the incidents are sufficiently similar that the probative value of the proffered evidence is not substantially outweighed by the danger of unfair prejudice, a conclusion that is entrusted to the sound discretion of the trial judge.
We have not overlooked Appellant's contentions that the collateral crime evidence became a feature in the trial and that the cautionary instruction given by the court was not adequate. After carefully reviewing both arguments, we have determined that they lack merit and do not warrant further discussion.
As a final point, Appellant contends that the sentencing order conflicts with the trial court's oral pronouncement related to certain costs that were stricken. The State concedes this point. Therefore, we affirm the conviction and sentence in all respects except that the "Notice of Fine and Costs" order shall be amended to conform to the oral ruling of the trial court.
AFFIRMED in part; REMANDED with instructions.
GRIFFIN, J., and GRAHAM, R., Associate Judge, concur.
NOTES
[1] Appellant also challenges his conviction based on double jeopardy grounds, which we determine to be without merit.
[2] The supreme court expressly left unresolved the issue of whether greater similarity is required when identity is the issue for which the collateral crime evidence is offered. McLean, 934 So.2d at 1261 n. 10.