SHEPHERD, J.,
dissenting.
I respectfully dissent.
Parker’s defense in this case was that the bag was not his — that, as the defense argued in closing, the police were “mistaken” to focus on Parker as the trafficker.[2] It is apodictic that evidence of prior offenses is admissible when relevant to prove “absence of mistake.” Williams v. State, 110 So.2d 654, 662 (Fla.1959); Dorsett v. State, 944 So.2d 1207, 1212 (Fla. 3d DCA 2006). The evidence of the controlled buys is directly relevant to rebut the defendant’s assertion of “mistake.” The only baggies of drugs found in the house were in the bag in the closet. The baggies obtained during the two controlled buys were “virtually identical” in size, transparency, and all other respects to the baggies in the bag. Clothing for a “large man” was found in the same closet as the bag. The defendant is 6'5" tall and weighs 350 pounds.
*971 In a constructive possession case, the State’s burden “is to show beyond a reasonable doubt that the defendant [1] knew of the presence of the contraband and that he [2] had the ability to exercise dominion and control over it.” Jackson v. State, 995 So.2d 535, 539 (Fla. 2d DCA 2008); see also Chicone v. State, 684 So.2d 736, 738 (Fla.1996), superseded by statute on other grounds as stated in Whitehurst v. State, 852 So.2d 902, 903 (Fla. 2d DCA 2003). The evidence of the controlled buys in this case, especially considered in the context of evidence indicating the presence of Parker’s clothing, is probative of whether Parker knew of the presence of the contraband and had the ability to exercise dominion and control over it. The trial court did not abuse its discretion by permitting the jury to consider this evidence on the possession element of the State’s case.
It is certain the evidence of the prior transactions is “prejudicial,” maybe even “highly prejudicial,” as emphasized by the majority. See supra p. 970. However, prejudice is not the test. Under such a test, evidence of prior crimes would always be excluded. Instead, as the Florida Supreme Court stated in Williams, 110 So.2d at 662, “relevancy is the test.” “If found to be relevant for any purpose save that of showing bad character or propensity, then [the evidence] should be admitted.” Id. Moreover, contrary to the majority’s unsupported assertion, see supra p. 970, “[a] collateral crime proven by similar evidence does not need to be absolutely identical to the crime charged in order to be admissible.” See Triplett v. State, 947 So.2d 702, 704 (Fla. 5th DCA 2007) (citing Schwab v. State, 636 So.2d 3 (Fla.1994)); see also Evans v. State, 693 So.2d 1096, 1102 (Fla. 3d DCA 1997) (holding that where accused is charged with physical abuse of a child, and the State seeks to present evidence of prior physical abuse committed by the accused upon the same child for purposes of proving absence of mistake, there is no need for factual similarity between the charged offense and prior abusive conduct beyond the existence of physical abuse in all instances). In fact, the test for the admissibility of collateral crimes evidence is even more relaxed when the evidence is offered for a purpose other than identity. Triplett, 947 So.2d at 704 (citing Houston v. State, 852 So.2d 425, 426 (Fla. 5th DCA 2003)); Stav v. State, 860 So.2d 478, 480 (Fla. 4th DCA 2003). The evidence of the controlled buys is directly relevant to the charge of trafficking in this case.
The conviction should be affirmed.

. In support of this defense, the defense called Parker's aunt, grandmother, and cousin to testify the house was a veritable revolving door of law abiding relatives, including— according to them — the defendant. The defendant exercised his constitutional right not to testify.