30 So.3d 513 (2009)
Arthur LaVALLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-3240.
District Court of Appeal of Florida, Fifth District.
December 18, 2009.
Order Denying Rehearing and Granting Certification March 26, 2010.
*514 Wm. J. Sheppard, D. Gray Thomas and Bryan E. DeMaggio of Sheppard, White, Thomas & Kachergus, P.A., Jacksonville, for Appellant.
Bill McCollum, Attorney General, Tallahassee, Jeffrey R. Casey and L. Charlene Matthews, Assistant Attorneys General, Daytona Beach, for Appellee.

EN BANC
PER CURIAM.
Appellant, Arthur LaValley, challenges his convictions on three counts of sexual battery on a child between twelve and eighteen years old by a person in familial or custodial authority,[1] and one count of lewd or lascivious molestation of a child by a person over eighteen on a victim between twelve and sixteen years old.[2] He challenges the lower court's determination that he was limited to six peremptory challenges during jury selection. He also challenges the introduction of collateral crime evidence. We affirm.
Pursuant to section 913.08(1), Florida Statutes (2006), and Florida Rule of Criminal Procedure 3.350(a)(1)-(2), a criminal defendant is entitled to ten peremptory challenges where the "offense charged is punishable by death or imprisonment for life," but only six peremptory challenges where the "offense charged is [a felony punishable by imprisonment for more than 12 months but is] not punishable by death or imprisonment for life." Appellant was charged with three first-degree felonies and one second-degree felony. Under section 775.082(3)(b), Florida Statutes, a person convicted of a "felony of the first degree, [may be punished] by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment for a term of years not exceeding life imprisonment." (Emphasis added).
During jury selection, Appellant argued to the trial court that he was entitled to ten peremptory challenges because, by statute, if he was convicted as charged, he could be sentenced to life imprisonment. The State also informed the court that if Appellant was convicted as charged and the jury found that penetration occurred, as alleged in two of the sexual battery counts, then "points wise" Appellant could be sentenced to life. The trial court noted that Appellant was charged with a first-degree felony, not a life felony, and ruled that he was only entitled to six peremptory challenges. Although the court acknowledged that Appellant's scoresheet points could subject him to a life sentence,[3] it concluded that this fact did not affect the application of rule 3.350. We agree.
Appellant was charged with three first-degree felonies and one second-degree felony, none of which carry life sentences. He faced life imprisonment only if the jury found him guilty as charged on all four counts and found that penetration occurred in the sexual battery counts. Section 913.08 and rule 3.350 link the number of peremptory challenges to the "offense charged," in the singular. *515 This is determined by looking at each count in isolation. If any offense charged is punishable by life, then the number of peremptory challenges is increased to ten. Buchanan v. State, 927 So.2d 209 (Fla. 5th DCA 2006), relied upon by Appellant, does not hold to the contrary. There, the defendant was charged with a single offense that subjected him to a life sentence.
Our interpretation of rule 3.350 is consistent with the interpretation given by the federal courts to the similarly-worded federal rule. For example in United States v. Machado, 195 F.3d 454 (9th Cir.1999), the defendant argued that he was entitled to an increased number of peremptory challenges because he was charged with two separate counts, the punishment for which, when aggregated, could exceed the threshold for an increased number of challenges. Focusing on the "offense charged" language of Federal Rule 24, the court concluded that the number of peremptory challenges must be determined by "look[ing] at each offense charged and determin[ing] the punishment for that offense." Id. at 457; see United States v. Hutchings, 751 F.2d 230, 237 (8th Cir. 1984) (joinder of multiple counts in one indictment does not entitle defendant to increased number of peremptory challenges); United States v. Nelson, 733 F.2d 364, 368 (5th Cir.1984) (trial court did not err in refusing to grant more than ten peremptory challenges to defendant charged under four-count indictment); United States v. Ming, 466 F.2d 1000, 1006 (7th Cir.1972) (potential punishment under multiple counts not aggregated to determine number of challenges); Estes v. United States, 335 F.2d 609, 615 (5th Cir. 1964) (defendant charged with eighteen separate counts correctly limited to ten peremptory challenges).
Appellant also challenges the admission of certain Williams[4] rule evidence. Appellant's adopted daughter is the victim in all four counts. To corroborate the victim's testimony, the State introduced evidence of Appellant's prior sexual molestation of his biological daughter. The biological daughter, who was an adult by the time of trial, testified that Appellant molested her when she was a teenager, specifically stating that he fondled and sucked on her breasts, and gave her hickeys on her breasts and neck.
Appellant argues that the court abused its discretion by allowing this Williams rule evidence because it was unduly prejudicial and described acts so dissimilar to the charged acts that it lacked relevancy. We disagree. Rulings with regard to relevancy and admissibility of evidence are subject to an abuse of discretion standard of review. San Martin v. State, 717 So.2d 462, 470-71 (Fla.1998); Fisher v. State, 924 So.2d 914, 916 (Fla. 5th DCA 2006); see Mendez v. State, 961 So.2d 1088, 1090 (Fla. 5th DCA 2007) (abuse of discretion standard applies to admissibility of Williams rule evidence). Discretion is abused when the judicial action taken is arbitrary, fanciful, unreasonable, or when no reasonable person would adopt the view taken by the trial court. Triplett v. State, 947 So.2d 702, 704 (Fla. 5th DCA 2007).
Section 90.404(2)(b)1., Florida Statutes (2006), broadens the admissibility of similar fact evidence in child molestation cases and provides that when a defendant is charged with a crime involving child molestation, "evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Nonetheless, relevancy remains the threshold consideration for the admission of the evidence and even relevant *516 evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (2006); citing McLean v. State, 934 So.2d 1248 (Fla.2006).
In McLean, the supreme court identified the following four non-exclusive factors for trial courts to evaluate in determining whether to admit evidence of previous molestations by the defendant:
(1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances.
Id. Appellant argues that the collateral crimes evidence lacked similarity to the charged crime because it involved fondling and sucking of the breasts and neck, while the charged offenses involved vaginal and oral intercourse.[5] Appellant's argument ignores the fact that Count IV of the information charged him with lewd or lascivious molestation by, among other things, "handling or fondling" the victim's breasts. It also ignores the victim's testimony that her molestation began with fondling her breasts and vagina before progressing to oral and vaginal sex.
The collateral witness's testimony was sufficiently similar to the allegations in Count IV and to the victim's testimony of how the molestation began with her. In addition, both victims were female and approximately the same age when the molestations occurred  both testified that they were about twelve to fifteen years old when Appellant molested them. The molestations of both girls occurred within the familial context, inside the home. Finally, although the molestations occurred years apart, that appears more to be a function of opportunity than anything else. The biological daughter testified that her molestation lasted until she was around fifteen (in 1988); the adopted daughter did not begin living with Appellant until several years later in 1999. As the court stated in Heuring v. State, 513 So.2d 122, 124 (Fla.1987), "the opportunity to sexually batter young children in the familial setting often occurs only generationally. Heuring sexually battered the young female members of his family when the opportunity arose."
The collateral testimony met the standards set forth in McLean for admission of collateral crime evidence. The collateral crime was proven by clear and convincing evidence, its probative value was not outweighed by the danger of unfair prejudice, it was not made a feature of the trial, and the court instructed the jury on the limited purpose for the testimony. The trial court did not abuse its discretion in admitting the biological daughter's testimony concerning the molestation she endured from Appellant.
We have reviewed Appellant's other claims of error and find them to be without merit.
AFFIRMED.
MONACO, C.J., GRIFFIN, SAWAYA, PALMER, ORFINGER, TORPY, EVANDER, COHEN and JACOBUS, JJ., concur.
*517 LAWSON, J., concurs and concurs specially with opinion in which SAWAYA and COHEN, JJ., concur.
LAWSON, J., concurring specially.
The majority properly resolves this case by applying the plain language of section 913.08, Florida Statutes, and Florida Rule of Criminal Procedure 3.350, which link the number of peremptory challenges to the "offense charged," in the singular. I write first to note that although our holding in this case is consistent with the result in Buchanan v. State, 927 So.2d 209 (Fla. 5th DCA 2006), it is not wholly consistent with the reasoning in that case. Buchanan should have been decided based simply upon the long-standing case law treating possession of a firearm as "an essential element of the crime charged" whenever section 775.087(2), Florida Statutes, is invoked. See, e.g., Mesa v. State, 632 So.2d 1094, 1097 (Fla. 3d DCA 1994). Under this precedent, the "offense charged" carries a life sentence whenever the state alleges the additional elements necessary for imposition of a minimum mandatory sentence of life under section 775.087(2).
I also question the per se reversal standard adopted by the panel in Buchanan. In Busby v. State, 894 So.2d 88, 98 (Fla. 2004), the supreme court noted that peremptory challenges are not constitutionally guaranteed at the state or federal level. See also Wilson v. State, 304 So.2d 119, 121 (Fla.1974) ("While the right to trial by jury in a case of this nature is fundamental, the exact number of persons prescribed to constitute a trial jury panel, as well as enumerated peremptory challenges, is a procedural process. . . . Additional review by our Court reveals that the use or lack of use of the peremptory challenges fails to demonstrate any prejudicial, harmful or reversible error.") (citations omitted) (emphasis added). In a similar context, it is well-established that a defendant who claims to have been wrongfully forced to exhaust his peremptory challenges must also establish prejudice by demonstrating that an objectionable juror actually served on the jury (i.e., one that the defendant either unsuccessfully challenged for cause or otherwise objected to after his or her peremptory challenges were exhausted), before an appellate court will reverse his or her conviction. See Busby, 894 So.2d at 96-97. A similar rule should apply here. And, in the appropriate case, I believe that our court should revisit the per se reversal rule announced in Buchanan for cases in which a defendant is not afforded the appropriate number of peremptory challenges.
SAWAYA and COHEN, JJ., concur.

ON MOTION FOR REHEARING AND FOR CERTIFICATION
PER CURIAM.
We deny the motion for rehearing but grant the motion for certification. We rephrase and certify the following question as one of great public importance:
When a criminal defendant is tried on multiple counts and none of the counts, individually, is punishable by life imprisonment, but where the defendant is exposed to a life sentence if convicted of more than one count, after assessment of all possible sentence points, is the defendant entitled to ten peremptory challenges as a matter of right?
MOTION DENIED; QUESTION CERTIFIED.
MONACO, C.J., SAWAYA, PALMER, ORFINGER, EVANDER, and COHEN, JJ., concur.
*518 TORPY, J., concurs in part and dissents in part, with opinion, in which GRIFFIN, LAWSON and JACOBUS, JJ., concur.
TORPY, J., concurring in part and dissenting in part.
I concur that we should deny the motion for rehearing but would not grant the request for certification. In his motion for rehearing, Appellant urges that our decision contravenes Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which Appellant says established a "wholly different legal landscape." Apprendi was predicated on the constitutional right to a jury trial and held that a defendant has the constitutional right to have a jury decide all the facts that bear on the magnitude of the defendant's punishment, except his or her prior record. Apprendi has no bearing on the issue in this case. There is no constitutional entitlement to peremptory challenges. Georgia v. McCollum, 505 U.S. 42, 57, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). Thus, this case presents a pure question of statutory/rule construction, nothing more. The statute, section 913.08(1), Florida Statutes, specifies that the number of challenges is determined from the "offense charged," in the singular. The corresponding rule of criminal procedure, rule 3.350(c), makes clear that in a multi-count information, it is the individual count that allows for the greatest number of challenges, considered in isolation, that dictates the number of peremptory challenges for the case.[1]
Our construction of the statute is consistent with its plain language, the rule and the construction given by courts of other jurisdictions construing similarly worded statutes and rules. Appellant essentially seeks to have us re-write the texts of both the statute and rule but has offered no authority in support of the construction he urges other than our panel decision in Buchanan v. State, 927 So.2d 209 (Fla. 5th DCA 2006).[2] We have addressed and distinguished Buchanan.[3] Given the lack of any constitutional question, the plain dictates of the statute and rule, and the fact that the only precedent on which Appellant relies is our precedent, which the full court has now explained and distinguished, I cannot conclude that there exists a question of great public importance that necessitates resolution by our high court.
GRIFFIN, LAWSON and JACOBUS, JJ., concur.
NOTES
[1] § 794.011(1)(h) & (8)(b), Fla. Stat. (2006).
[2] § 800.04(5)(a) & (c)2., Fla. Stat. (2006).
[3] Pursuant to section 921.0024(2), Florida Statutes, if a defendant's scoresheet points are greater than or equal to 363, the court may sentence the defendant to life imprisonment.
[4] Williams v. State, 110 So.2d 654 (Fla.1959).
[5] That there is some disparity between the victim and Williams rule witness's molestations is not unlike the situation in McLean where the victim (J.N.) was digitally penetrated on one occasion, whereas the Williams rule victim (Chambers) suffered repeated encounters, including one in which he believed McLean's penis penetrated his anus. McLean, 934 So.2d at 1252-53.
[1] The rule affords discretion to the trial judge to confer additional challenges. In this case, Appellant did not argue that the trial judge abused his discretion under this rule. Nor did Appellant argue that the statute controls over the rule. In fact, neither Appellant nor Appellee addressed this particular subsection of the rule at all.
[2] Appellant's proposed certified question illustrates this point:

Is a criminal defendant entitled to ten peremptory challenges . . . where a calculation of total sentence points . . . could subject the defendant to life imprisonment?
[3] Even accepting Appellant's contention that "exceptional importance" is synonymous with "great public importance," the fact that we considered this case en banc should not be taken to mean that we thought it involved an issue of exceptional importance as suggested by Appellant. We voted to hear the case en banc before releasing the panel decision. It is just as likely that we considered the case en banc to maintain uniformity in our decisions.