WELLS, Judge.
 

 Defendant appeals a judgment finding him guilty of sexual battery and attempted sexual battery, claiming the trial judge erred in allowing the introduction of evidence that the defendant sexually assaulted his younger sister twenty years earlier. We affirm.
 

 “In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.” § 90.404(2)(b)l., Fla Stat. (2009). This provision “broadly provides that evidence of the defendant’s commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses occurred in the familial context or whether they share any similarity.”
 
 McLean v. State,
 
 934 So.2d 1248, 1259 (Fla.2006). Even under this relaxed standard of admissibility, however, evidence of other acts of child molestation are subject to relevancy requirements and the balancing test of section 90.403.
 
 Id.
 
 As
 
 McLean
 
 explains, the less similar a collateral offense to the charged offense, the less relevant and the more likely it is that its probative value will be “substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.”
 
 Id.
 
 (quoting section 90.403, Fla. Stat. (2005));
 
 see Easterly v. State,
 
 22 So.3d 807, 814-15 (Fla. 1st DCA 2009). Moreover, “[w]here necessary to ensure that a defendant receives a fair trial, the trial court should either exclude the evidence or substantially limit its presentation so that it does not become a feature of the trial.”
 
 McLean,
 
 934 So.2d at 1251.
 

 We find no abuse of discretion in the trial judge’s application of these standards and requirements to the instant case, and therefore affirm the order under review.
 
 See Donton v. State,
 
 1 So.3d 1092, 1099 (Fla. 1st DCA 2009) (“The trial court is in the better position to determine whether testimony can be admitted pursuant to the McLean line of decisions, and we shall not second-guess the circuit judge on this record.”);
 
 Triplett v. State,
 
 947 So.2d 702, 704 (Fla. 5th DCA 2007) (“[T]he admissibility of evidence is within the broad discretion of the trial court and the trial court’s determination will not be disturbed on appellate review absent an abuse of that discretion. Discretion is abused when the judicial action taken is arbitrary, fanciful, unreasonable, or when no reasonable per
 
 *819
 
 son would adopt the view taken by the trial court.”).