931 So.2d 1021 (2006)
Nathaniel MORROW, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-186.
District Court of Appeal of Florida, Third District.
June 14, 2006.
Rehearing Denied July 12, 2006.
*1022 Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before GERSTEN, RAMIREZ, and SHEPHERD, JJ.
SHEPHERD, J.
Appellant, Nathaniel Morrow, appeals from a conviction and sentence stemming from a charge of possession of a firearm by a convicted felon. Because the trial court impermissibly allowed evidence of Morrow's other misdeeds to become a feature of the trial, we reverse.
Morrow originally was charged with one count of armed robbery, see § 812.13(2)(a), Fla. Stat. (1999), and one count of possession of a firearm by a convicted felon. See § 790.23(1)(a), Fla. Stat. (1999). The counts were severed and tried separately.[1] According to evidence adduced from the two trials, Morrow displayed a gun to his girlfriend and thereafter utilized that gun to deprive the robbery victim of his money, jewelry, and drugs.
At the second possession trial, Morrow stipulated he had been convicted of a felony prior to the incident, leaving as the sole issue whether Morrow actually possessed a firearm. Defense counsel at the outset sought to exclude reference to the robbery. The trial court issued a limiting instruction to the prosecution permitting evidence of and reference to the robbery only to the extent necessary to explain the circumstances of the possession. Despite this admonition, the State referenced the robbery eight times during its opening statement, at least eighteen times during its case-in-chief, and twenty-five times during closing argument. In addition, the trial court granted the State's request to admit the jewelry stolen by Morrow.
It is settled law in this state that where evidence of an uncharged crime is inextricably intertwined with the charged offense, evidence of the collateral crime is admissible independent of the provisions of sections 90.404(2)(a) and (b), Florida Statutes, "`where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime.'" Simmons v. State, 790 So.2d 1177, 1178 n. 2 (Fla. 3d DCA 2001) (quoting Nickels v. State, 90 Fla. 659, 685, 106 So. 479, 488 (1925)). However, it is also well established that such evidence cannot become a feature of the trial. See Bryan v. State, 533 So.2d 744, 746 (Fla. 1988). Whether the collateral crime has become a feature is not measured simply by the number of references. See Snowden *1023 v. State, 537 So.2d 1383, 1385 (Fla. 3d DCA 1989). Nevertheless, voluminous references to the collateral crime are evidence of a prohibited transgression. As painstakingly and eloquently established by defense counsel on appeal, this is a case of voluminous references. In addition, our own review of the record reflects that the prosecutor raised the uncharged crime with each state witness solely to bolster the credibility of the State's witnesses. Finally, the State inexplicably placed the stolen jewelry into evidence over defense objection. The argument by the State that the error in this case is harmless beyond a reasonable doubt is meritless.
Reversed and remanded for a new trial.
NOTES
[1] Defendant was sentenced to life in prison in the armed robbery trial. That conviction was affirmed on appeal. Morrow v. State, 863 So.2d 391 (Fla. 3d DCA 2003).