967 So.2d 995 (2007)
Hugo J. FIORE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1346.
District Court of Appeal of Florida, Fifth District.
October 26, 2007.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
*996 PER CURIAM.
Appellant challenges his convictions for lewd or lascivious conduct and two counts of capital sexual battery. Concluding that the trial court erroneously admitted similar fact evidence, we reverse the judgment and sentence and remand this cause for a new trial.[1]
The State filed a three-count information charging Appellant with lewd or lascivious conduct by a person eighteen or older and two counts of sexual battery upon a person under twelve. The information alleged that, between March 1, 1997, and September 30, 1997, Appellant fondled A.C.'s vagina, digitally penetrated her vagina and caused his mouth/tongue to unite with or penetrate her vagina.
At the time of trial, A.C. was seventeen years old. She testified that when she was eight years old, her family lived next door to Appellant and his family. A.C. and her brother, Michael, became friends with Appellant's son. A.C.'s mother and Appellant's wife became friends also. It was not uncommon for A.C. and her brother to spend the night at Appellant's house. Sometimes A.C. would sleep in Appellant's son's room, other times she would sleep in the living room. A.C. testified that in the spring or summer when she was eight years old, she was asleep in Appellant's son's room when she awoke to discover Appellant rubbing her vagina on top of her underwear. On a second occasion, she was again sleeping in the son's room when she awoke to discover Appellant digitally penetrating her vagina. She told him to stop and he did. On a third occasion, when she was sleeping in the son's room, she awoke to discover her underwear down and Appellant touching her vagina with his hands and mouth. She started to cry. Appellant pulled her underwear up, turned on the light and started reading her a book. Appellant's wife came into the room and asked what was wrong. Appellant told her that A.C. had had a nightmare.
The similar fact evidence involved two other victims, K.C. and K.D.K.C. was ten years old at the time of trial, and eight or nine years old at the time of the incident involving Appellant. Appellant was a friend of K.C.'s mother's boyfriend. Appellant was at K.C.'s house late one night after going out with K.C.'s mother, her boyfriend and others. According to K.C., while others in the house were asleep, Appellant touched her on or near her "private part," under her skirt, while she was sitting on the living room couch. K.C. said that Appellant told her that he was going to make a woman out of her. When K.C. got away from Appellant, she went upstairs and told her mother what had happened. Her mother confronted Appellant, who initially admitted the offense. Later in the morning, her mother reported the incident to the police.
K.D., Appellant's niece, was twenty-four years old at the time of trial. She testified that when she was about sixteen, she went to stay with Appellant and his wife for half a summer. While home with Appellant *997 and his toddler, K.D. was laying on the couch wearing silk pajama pants and a t-shirt. Appellant went over to talk to K.D., told her "I have to do it," and pulled her pants down. While trying to pull her pants up, K.D. was crying and telling Appellant to stop. Appellant stopped and K.D. went to the bathroom. When she came out, Appellant took her to his bedroom, threw her on the bed, pulled her pants down and had intercourse with her. He ejaculated on her stomach. When Appellant's wife came home, she heard K.D. crying in the bedroom. She walked into the bedroom and saw Appellant holding K.D. on his lap. She told Appellant to let K.D. go and he complied.
At a pretrial hearing, the trial court heard the witnesses' testimony. The court also heard legal argument on Appellant's motion to exclude the similar fact evidence and the State's motion to permit the evidence. In denying Appellant's motion and granting the State's motion, the lower court relied on the legislature's expansion of the evidence admissible under section 90.404, Florida Statutes, in child molestation cases.
During the jury trial, the State offered the testimony of K.C. and K.D. The State also offered testimony of K.C.'s mother, who corroborated, in part, K.C.'s testimony and Appellant's wife, who corroborated, in part, the testimony of K.D. and A.C. In the State's closing argument, the prosecutor highlighted the testimony of the similar fact witnesses and argued that the allegations in those cases demonstrated Appellant's guilt by showing a pattern of conduct. The jury returned verdicts finding Appellant guilty of all three counts as charged in the information. The court designated Appellant a sexual predator and sentenced him to fifteen years on the lewd or lascivious count and life on the two sexual batteries with all sentences to run concurrently.
Generally, similar fact evidence of other crimes, wrongs or acts, is admissible when relevant to prove a material fact in issue, "including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." § 90.404(2)(a), Fla. Stat. (2006). It is, however, inadmissible when the evidence is relevant solely to prove bad character or propensity. Id. When child molestation is involved, section 90.404(2)(b)(1), Florida Statutes (2006), broadens the admissibility of similar fact evidence, and provides that "evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."
As we recently explained, even in child molestation cases, however, relevancy remains the threshold consideration for the admission of the evidence:
Even though section 90.404(2)(b), Florida Statutes allows evidence of other acts of child molestation to be admitted for any matter to which it is relevant, relevancy remains the threshold question to be considered. Thus, the more dissimilar the prior acts, the less relevant they are to the crime charged and the less likely they are to be admissible. In addition, even relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. In the case now before us the similarity between the collateral act of molestation perpetrated by Mr. Triplett with respect to another young woman and the charged molestation was a critical consideration for the trial court in conducting an appropriate weighing of the evidence required by section 90.403. See McLean v. State, 934 So.2d 1248, 1258 (Fla.2006). We think he got it right.
*998 Triplett v. State, 947 So.2d 702, 703-04 (Fla. 5th DCA 2007).
In McLean v. State, 934 So.2d 1248 (Fla. 2006), the Florida Supreme Court upheld the constitutionality of section 90.404(2)(b) from a due process challenge. The court held that section 90.404(2)(b) does not violate due process when applied in a case in which identity is not an issue and the collateral evidence is used solely to corroborate the victim's testimony, provided that the trial court properly performs its critical function as gatekeeper, the similar fact evidence does not become a central feature of the trial, and the trial court gives a proper cautionary instruction on request. The court reasoned:
[T]he similarity of the prior act and the charged offense remains part of a court's analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be "substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading a jury, or needless presentation of cumulative evidence." § 90.403.
The similarity of the collateral act of molestation and charged offense is a critical consideration for the trial court in conducting an appropriate weighing under section 90.403. The trial courts are gatekeepers in ensuring that evidence of prior acts of child molestation is not so prejudicial that the defendant is convicted based on the prior sexual misconduct. . . .
. . . .
The trial court's gatekeeping function is critical. In every case, the trial court must conduct the weighing required by section 90.403. . . .
To guide the trial courts in deciding whether to admit evidence of prior acts of child molestation when it is offered to corroborate the victim's testimony, we discuss the steps that the trial courts should take. Of course, before even considering whether to allow evidence of prior acts to be presented to the jury, the trial court must find that the prior acts were proved by clear and convincing evidence.
In assessing whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice, the trial court should evaluate: (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. This list is not exclusive. The trial courts should also consider other factors unique to the case.
McLean, 934 So.2d at 1259-62 (footnotes omitted).
Appellant argues that the trial court failed to recognize its gatekeeping function, as outlined in McLean. Instead, he argues, the court allowed any and all testimony concerning allegations of prior incidences of molestation without regard to relevancy and without weighing whether that evidence would unfairly prejudice him. Appellant argues that the evidence of other acts of molestation concerning both K.C. and K.D. were improperly admitted because the crimes were not sufficiently similar. He also argues that the probative value of the similar fact evidence of previous molestations was substantially outweighed by the danger of unfair prejudice.
*999 In fairness to the trial judge, this case was tried before the supreme court decided McLean. We are, nevertheless, constrained to agree with Appellant that a new trial is warranted. The trial court did not perform the critical gatekeeping function mandated by McLean and, apparently, thought that he did not have discretion to exclude the evidence under the statute as worded. Contrary to the State's argument, we are unable to conclude that this omission did not prejudice Appellant. There is a significant lack of similarity between the charged offense and K.D.'s allegations, and it is difficult to envision that this evidence can satisfy the McLean standard. Although the allegations relating to K.C. are more similar, and perhaps, admissible, the trial judge is in the best position to determine whether this testimony is properly admitted in light of McLean and its progeny. We are also of the view that the similar fact evidence became a central feature of the trial necessitating a new trial. Greater emphasis was placed on the offenses involving K.C. and K.D. than was placed on the charged offense involving A.C. A majority of the testimony related to these collateral crimes. A.C.'s testimony was sandwiched between the testimony of K.C. and K.D., and, in closing, the prosecutor continually addressed all three offenses.
REVERSED AND REMANDED.
SAWAYA, ORFINGER and TORPY, JJ., concur.
NOTES
[1] We have not overlooked Appellant's argument that the trial court made an improper comment on the evidence during closing argument. We conclude that this issue was not preserved for review. See Foster v. State, 778 So.2d 906 (Fla.2000) (finding claim procedurally barred because defendant failed to make contemporaneous objections to trial judge's comments or seek disqualification); Jones v. State, 612 So.2d 1370, 1373 (Fla.1992) ("It is error for a judge to comment on the evidence in the jury's presence . . . The contemporaneous objection rules applies [sic] to such comments, however, and an appellate court will not reverse in the absence of an objection unless the comment is so prejudicial as to be fundamental error."); Mathew v. State, 837 So.2d 1167 (Fla. 4th DCA 2003) (holding because record devoid of contemporaneous objection, actions of trial court warrant reversal only if fundamental error). No fundamental error occurred on this point.