978 So.2d 217 (2008)
Melvin WOODARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2204.
District Court of Appeal of Florida, First District.
March 31, 2008.
Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
The issue in this case is whether section 90.404(2)(b), Florida Statutes (2006), allowed the admission of certain evidence by the trial court. Appellant Woodard stood charged with two counts of lewd or lascivious molestation. Because the ruling below strayed from our supreme court's authoritative construction of the statute in question, we reverse and remand for a new trial.
The charges in this case alleged appellant's commission of lewd or lascivious molestation against F.W. and St. R.F.W. testified that she was twelve years old in the spring of 2005 when, while sleeping in the living room of her aunt's apartment, appellant, the aunt's boyfriend, entered the room and touched her "butt . . . with his private part." According to F.W., appellant left the room, but returned shortly, and "started messing with [St. R.]," F.W.'s young cousin, placing his sex organ against St. R.'s partially exposed buttocks. St. R. also testified at trial, remembering only that appellant was her mother's boyfriend. She recalled nothing about the incident in question. The State presented no further direct evidence as to the incident.
*218 The prosecution did, however, introduce the testimony of Sh. R., then age 31. This witness testified that when she was twelve years old, in 1988, appellant committed a "sexual assault" upon her in her home. Sh. R. did not testify as to the details of that episode, merely responding in the affirmative when the assistant state attorney asked her whether the 1988 incident involved "some sexual activity by Mr. Melvin Woodard against you when you were 12 years of age[.]" Appellant had moved in limine to exclude this testimony, but the trial court denied the motion, finding that section 90.404(2)(b) did not require a showing of similar acts, "just that there are children involved and . . . molestation." This was error.
In McLean v. State, the Florida Supreme Court upheld the constitutionality of section 90.404(2)(b) "as a conduit for evidence that corroborates the victim's testimony that the crime occurred rather than to prove the identity of the alleged perpetrator." 934 So.2d 1248, 1251 (Fla. 2006). The McLean court constrained its holding, however, by explaining the conditions under which similar crime evidence might be admitted in a child molestation case. The statute reads:
In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
§ 90.404(2)(b)1., Fla. Stat. (2006).
The evidence proffered under the statute must satisfy the several requirements laid down by the McLean court. Initially, the trial court must determine that the evidence clearly and convincingly shows the defendant committed the prior act. McLean, 934 So.2d at 1262. The court must then "assess[ ] whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice," and must therefore determine whether the prior act is sufficiently similar to the charged act. Id. To guide this analysis, McLean mandates consideration of the following factors:
(1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. . . . The trial courts should also consider other factors unique to the case.
Id. Finally, the trial court must ensure the evidence will not "become a feature of the trial" or "confuse or mislead jurors. . . ." Id. The required determination of similarity must be made on a case-specific basis. Id. at 1258.
Appellate courts have now had occasion to apply the rules set out in McLean to the type of evidence we examine here. See, e.g., Mendez v. State, 961 So.2d 1088, 1091 (Fla. 5th DCA 2007) (finding sex acts upon young male under defendant babysitter's care sufficiently similar to same sex acts defendant committed upon male child at camp where he was counselor two or three years before, where defendant "was a counselor to each [victim] and had custodial authority over them at the time of the offenses"); Triplett v. State, 947 So.2d 702, 704 (Fla. 5th DCA 2007) (affirming conviction for molestation where State introduced evidence of prior acts that "shared numerous similarities with the charged offense," that "did not become a feature of the trial," and that prosecutor "barely mentioned in closing"). Similar fact evidence is not, however, always admissible in child molestation cases.
*219 In Fiore v. State, the State alleged the defendant touched and, in one instance, penetrated the then-eight-year-old victim's genitalia while she slept at his house on three separate occasions, all of which occurred about nine years before the trial. 967 So.2d 995, 996 (Fla. 5th DCA 2007). At trial, the State introduced the testimony of two alleged victims of collateral crimes, appellant's wife, and one collateral victim's mother, all of whom testified regarding the collateral crimes. Id. The first collateral victim, K.C., testified that, approximately two years before the trial, when she was eight or nine years old, appellant, who was in her home on a social visit, touched her private parts while she sat on the living room couch. Id. A second collateral victim, twenty-four-year-old K.D., testified that, eight years before the trial, she was visiting appellant's home when he threw her onto a bed and had sexual intercourse with her. Id. at 996-97. The Fifth District held it was error to admit the witnesses' testimony. Id. at 999. The court found "a significant lack of similarity between the charged offense and K.D.'s allegations," but noted that "the allegations relating to K.C. are more similar and, perhaps, admissible." Id. The court reversed the convictions and remanded for a new trial, explaining:
". . . the similar fact evidence became a central feature of the trial. . . . Greater emphasis was placed on the [collateral offenses] than was placed on the charged offense. . . . A majority of the testimony related to these collateral crimes. [The victim's] testimony was sandwiched between the testimony of K.C. and K.D., and, in closing, the prosecutor continually addressed all three offenses."
Id.
Similarly, in Cann v. State, the defendant was charged with sexual battery on a person younger than twelve and lewd or lascivious molestation, after his wife found him engaged in sexual intercourse with his seven-year-old granddaughter. 958 So.2d 545 (Fla. 4th DCA 2007). The Fourth District held that the trial court properly admitted the victim's aunt's testimony that, when she was the victim's age, the defendant tried to have intercourse with her. Id. at 549. The court also held, though, that the trial court erred in admitting the aunt's testimony about a dissimilar occasion when she was older, on which the defendant tried to untie her bathing suit and "grab[ ] her breasts," but the court concluded the error was harmless, "as the crucial evidence of the similar sexual attack when the aunt was the same age as C.C. was admissible." Id.
In Zerbe v. State, the defendant, a karate instructor, faced child abuse and lewd and lascivious molestation charges after an eleven-year-old student reported that the defendant accompanied her to urinate outside the studio and touched her genitals and, on another occasion, told her to go to the bathroom and pressed on her stomach. 944 So.2d 1189, 1191 (Fla. 4th DCA 2006). The State introduced the testimony at trial of a five-year-old student, who told her grandmother that the defendant had asked her to remove her pants and watched her as she disrobed. Id. at 1190-91. The Fourth District held the trial court committed reversible error in admitting evidence regarding the defendant's collateral crime with respect to the five-year-old, identifying several fatal flaws in the testimony, including the fact that the State did not show, by clear and convincing evidence, that the defendant committed the alleged act upon the five-year-old, and the fact that "the acts were not sufficiently similar." Id. at 1194. Although both alleged acts occurred at the defendant's karate *220 school, "the charged crime involved a touching while the collateral act involved the defendant's observation of a young child partially undressed," and "the events took place five-and-a-half months apart with the collateral act occurring subsequent to the charged crime." Id.
The questioned evidence in the present case did not satisfy the requirements of McLean, or of the cases following and applying McLean. Sh. R. presented vague testimony regarding an incident that occurred some seventeen years before the charged crimes. She described the incident only as a "sexual assault." The record reveals none of the analyses or findings required by McLean. In the absence of such findings, we note that the few details available about the collateral crime do not support a conclusion that the 1988 incident was sufficiently similar to the charged offenses. For better or worse, we know nothing about the 1988 incident, save the witness's characterization of it as a "sexual assault."
Having concluded that the proffered evidence was improperly admitted, we have also considered the impact of the evidence at the trial. The State had no evidence to corroborate F.W.'s testimony other than the collateral crime evidence elicited from Sh. R. Moreover, the prosecutor referred to the 1988 incident in both the opening statement and closing argument. We are unable to find that admission of this evidence was harmless error.
Based upon the foregoing, we REVERSE appellant's conviction and REMAND for a new trial.
WOLF and VAN NORTWICK, JJ., concur.