SHEPHERD, J.,
dissenting.
I respectfully dissent. Because the State impermissibly made evidence of Appellant Edward Locascio’s other misdeeds throughout the course of the marriage and divorce proceedings a feature of the trial, I would reverse the convictions below.
Edward Locascio was charged as a principal and co-conspirator to his brother Michael’s killing of Defendant’s soon-to-be ex-wife, Silvia. The State’s theory of this wholly circumstantial case was, because the divorce proceedings between Edward and Silvia were so hotly contested, Edward was motivated to have his wife killed in order to avoid parting with his assets. In support of its theory, the State introduced voluminous testimony evidencing Defen *71 dant’s failures as a father, his unlawful tactics as a certified public accountant and investor, and his contemptuous behavior during the family law case. Along with the testimony of two divorce attorneys, spanning over three days of trial, the State presented documented evidence of Locas-cio’s acts of perjury, forgery, and subordination of perjury during the course of the divorce proceedings. The State highlighted this extrinsic evidence in both its opening and closing arguments, propagating to the jury that Locascio engaged in acts of “lying, frauding,” and “[behaving as a] CPA at his finest.”
It is well-settled law in this State that where evidence of an uncharged crime is inextricably intertwined with the charged offense, the extrinsic evidence is admissible “where it is impossible to give a complete or intelligent account of the crime charged without referring to the other crime.” See Simmons v. State, 790 So.2d 1177, 1178 (Fla. 3d DCA 2001) (quoting Nickels v. State, 90 Fla. 659, 106 So. 479, 488 (1925)). However, this Court recently has reaffirmed the rule of law which commands that such evidence shall not become a feature of the trial. See Morrow v. State, 931 So.2d 1021, 1022 (Fla. 3d DCA 2006) (citing Bryan v. State, 533 So.2d 744, 746 (Fla.1988)). Whether the collateral crimes have become a feature of the trial is not measured simply by the number of references; however, “voluminous references to the collateral crime are evidence of a prohibited transgression.” Morrow, 931 So.2d at 1023. A careful review of the record in this case reveals this is indeed a case of voluminous references. As recognized by the Fourth District:
The danger in making extrinsic evidence the feature of the trial is that the proceeding is transformed from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant, whose character is insulated from attack unless he introduces the subject.
Sutherland v. State, 849 So.2d 1107 (Fla. 4th DCA 2003).
Although I can agree with the State’s assertion that some of the extrinsic evidence was necessary to establish Defendant’s motive, I cannot agree that all of it was, especially in light of the characterizations of Locascio as a fraud, a liar, a tax evader, and “a CPA at his finest.” As it appears the surplus was directed primarily at impermissibly attacking the defendant’s character, I would reverse the defendant’s convictions and remand for a new trial, heavily directing the State to apply an editing eye to its case-in-chief.