*1262
 
 WOLF, J.
 

 Appellant challenges his conviction for armed robbery. Among other issues, he asserts the trial court erred in allowing similar fact evidence of a second robbery as well as allowing the second robbery to become a feature of the trial. We agree with appellant as to both assertions.
 

 There was no unique or particularly unusual characteristic of either robbery so as to render the offenses similar in the context of collateral crimes evidence; thus, the admission of the collateral crime evidence constituted error.
 
 Carbonell v. State,
 
 47 So.3d 944 (Fla. 3d DCA 2010).
 

 In addition, evidence involving a collateral crime may not be allowed to become a “feature of the trial.”
 
 Billie v. State,
 
 863 So.2d 323, 328 (Fla. 3d DCA 2003);
 
 see also Bush v. State,
 
 690 So.2d 670, 673 (Fla. 1st DCA 1997). In measuring whether collateral crimes evidence becomes a feature of a trial, appellate courts “do not solely measure the number of references the prosecution made to such evidence.”
 
 Wright v. State,
 
 19 So.3d 277, 293 (Fla.2009)
 
 (citing Morrow v. State,
 
 931 So.2d 1021, 1022-23 (Fla. 3d DCA 2006)). However, “voluminous references” to a collateral crime are an indication that the non-charged crime has become the focus of a trial.
 
 Id. (citing Fitzsimmons v. State,
 
 935 So.2d 125, 129 (Fla. 2d DCA 2006)).
 

 Here, 4 of the 6 State witnesses testified as to the collateral robbery. Furthei’, the collateral crime was discussed for approximately half of the State’s opening and closing statements. In addition, a videotape of the collateral robbery was introduced into evidence and replayed for the jury during closing. While the trial court and the State informed the jury this offense was being introduced for identity only, the use of a cautionary instruction is only one requirement for the trial court; the other is to limit the testimony so it does not become a feature of the trial.
 
 Morrow,
 
 931 So.2d at 1022 (reversing even where limiting instruction was given to the State because the State ignored the instruction and made repeated references to the collateral crime). Given the substantial number of references to the collateral crime during opening statements, witness testimony, and closing arguments, we are required to reverse.
 

 REVERSED.
 

 HAWKES and WETHERELL, JJ., concur.