# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D16-5547

_____

SAMUEL PITTS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Terry Lewis, Judge.

February 5, 2019

WETHERELL, J.[1]

Samuel Pitts appeals his sexual battery conviction. He challenges the trial court's admission of collateral crime evidence and exclusion of "good character" evidence, and he also argues that the collateral crime evidence impermissibly became a feature of the trial. We find no merit in any of Pitts's arguments and accordingly affirm his conviction and resulting sentence.

---

[1] Judge Wetherell replaced Judge Roberts on the panel after Judge Roberts recused himself following oral argument.

## FACTS

The victim claimed that Pitts digitally penetrated her without her consent while she was sleeping after a night of drinking and smoking marijuana with Pitts and others. Shortly after the incident, Pitts left voicemails on the victim's phone apologizing for getting "carried away," being "that aggressive," and going "over the line." However, at trial, Pitts disputed the victim's account of the incident and denied sexually battering her.

The State charged Pitts with one count of sexual battery. Prior to trial, the State filed a notice that it intended to introduce evidence that years earlier Pitts digitally penetrated another woman after she passed out following a night of drinking. The notice stated that this collateral crime evidence would be introduced "pursuant to Florida Statute 90.404(2)" for purposes of "prov[ing] a material fact in issue: specifically the requisite elements of intent (including absence of mistake or accident[)], modus operandi."

Pitts filed a motion in limine to exclude the collateral crime evidence. After a *Williams*[2] rule hearing, the trial court found that the State proved by clear and convincing evidence that Pitts committed the prior sexual battery. However, the court did not find the collateral crime evidence admissible for the purposes listed in the State's notice. Rather, the court found the evidence admissible under section 90.404(2)(c), Florida Statutes, to prove "propensity" and to corroborate the victim's story. Additionally, the court found after a "heightened 403 analysis" that the probative value of the collateral crime evidence outweighed its prejudicial effect because of the similarity between the prior sexual battery and the charged offense.

The collateral crime evidence was introduced at trial, and the jury found Pitts guilty as charged. The trial court adjudicated Pitts guilty and sentenced him to the scoresheet minimum of 94.65 months in prison.

---

[2] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

## ANALYSIS

We review the trial court's decision to admit or exclude evidence for an abuse of discretion, but the court's discretion is limited by the Evidence Code and applicable case law, the interpretation of which we review *de novo*. *Jackson v. State*, 166 So. 3d 195, 198 (Fla. 1st DCA 2015); *Hendricks v. State*, 34 So. 3d 819, 822 (Fla. 1st DCA 2010).

Pitts makes four arguments on appeal: (1) the State's notice was deficient, (2) "propensity" was not a proper basis for admitting the collateral crime evidence, (3) the trial court should have allowed him to introduce "good character" evidence to rebut the propensity evidence, and (4) the collateral crime evidence impermissibly became a feature of the trial. We address—and reject—each of these arguments in turn.

### *Sufficiency of the State's Notice*

First, Pitts argues that the State's notice was deficient because it did not list "propensity" as a basis for admitting the collateral crime evidence. We disagree.

Section 90.404(2)(d)1., Florida Statutes, requires the State to give written notice of its intent to introduce collateral crime evidence at least ten days before trial. The statute does not require the notice to list the specific purpose for which the collateral crime evidence is to be admitted. It only requires the notice to include "a written statement of the acts or offenses [the State] intends to offer, describing them with the particularity required of an indictment or information." § 90.404(2)(d)1., Fla. Stat.

Pitts's argument effectively seeks to add a requirement that is not in the statute. In support of the argument, Pitts relies on Professor Ehrhardt's practice pointer that "the better view" is to require the notice to include the specific purpose "so as to enable the defense to prepare to meet the prosecution's evidence." Charles W. Ehrhardt, *Florida Evidence* § 404.20, at 346 (2017 ed.). Best practices aside, the plain language of the statute does not require the State to identify the specific purpose for which the evidence is to be introduced, and we do not have the authority to

3

re-write the statute to add such a requirement. *See Genesis Ministries, Inc. v. Brown*, 186 So. 3d 1074, 1078 (Fla. 1st DCA 2016) ("We have no authority to re-write the statute in this (or any other) manner."); *Am. Bankers Life Assurance Co. of Fla. v. Williams,* 212 So. 2d 777, 778 (Fla. 1st DCA 1968) ("This court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.").

We have not overlooked *State v. Zenobia*, in which the Fourth District stated that the State's failure to include *any* purpose in its notice "should be grounds for the exclusion of the [collateral crime] evidence, simply because of the insufficiency of the notice." 614 So. 2d 1139, 1140 (Fla. 4th DCA 1993). This statement is dicta, but even if it wasn't, we would not follow *Zenobia*. Instead, we would follow the cases from the other districts that have rejected arguments similar to the one made by Pitts in this case as being contrary to the plain language of section 90.404(2)(d)1. *See Quinn v. State*, 662 So. 2d 947, 954 (Fla. 5th DCA 1995) ("Quinn's argument that the notice given in this case was defective because it did not state the purpose of its use goes beyond an express requirement of the statute. To the extent [*Zenobia*] appears to require specific reasons or explanations of what the jury might deduce from the collateral crime evidence, we respectfully disagree."); *see also Kirkland-Williams v. State*, 230 So. 3d 580, 584 (Fla. 2d DCA 2017) (agreeing with *Quinn*).

Here, the State's notice complied with section 90.404(2)(d)1. because it identified the acts the State intended to offer with sufficient specificity to allow Pitts to respond to those acts, first in a *Williams* rule hearing and then at trial. Accordingly, the trial court did not err by admitting the collateral crime evidence for a purpose not specifically listed in the notice.

### *Use of the Collateral Crime Evidence to Show "Propensity"*

Second, Pitts argues that the trial court erred in admitting the collateral crime evidence to prove "propensity" because section 90.404(2)(a), Florida Statutes, expressly prohibits the use of collateral crime evidence for that purpose. We disagree.

4

Section 90.404(2)(a) establishes the general rule that collateral crime evidence is admissible when relevant to prove a material fact in issue, but "is inadmissible when the evidence is relevant solely to prove bad character or propensity." However, a different rule applies when the defendant is charged with "child molestation" defined in section 90.404(2)(b)2., or a "sexual offense" defined in section 90.404(2)(c)2.

When the defendant is charged with child molestation, evidence of other acts of child molestation committed by the defendant may be introduced "for its bearing on any matter to which it is relevant." § 90.404(2)(b)1., Fla. Stat. This statute has been construed to allow the admission of evidence of other acts of child molestation "to corroborate the victim's testimony by showing that the accused had a *propensity* for such criminal conduct." *Mendez v. State*, 961 So. 2d 1088, 1090 (Fla. 5th DCA 2007) (citing *McLean v. State*, 934 So. 2d 1248 (Fla. 2006)) (emphasis added). However, before admitting the collateral crime evidence, the trial court is required to consider the similarity of the collateral crime and the charged offense as part of its weighing of the probative value and prejudicial effect of the evidence under section 90.403, Florida Statutes. *See McLean*, 934 So. 2d at 1251 ("Application of section 90.403 in determining admissibility ensures that section 90.404(2)(b) does not open the door to introduction of any and all propensity evidence in sexual molestation cases.").

Similarly, when (as here) a defendant is charged with a sexual offense, evidence of other sexual offenses committed by the defendant may be introduced "for its bearing on any matter to which it is relevant." § 90.404(2)(c)1., Fla. Stat. Because this language is identical to the language in section 90.404(2)(b)1., the two statutes should be given the same interpretation and application. *See State v. Hearns*, 961 So. 2d 211, 217 (Fla. 2007) ("[W]here the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply.") (citing *Goldstein v. Acme Concrete Corp.*, 103 So. 2d 202, 204 (Fla. 1958)). Thus, subject to weighing under section 90.403, evidence of other sexual offenses committed by the defendant is admissible under section 90.404(2)(c)1. to corroborate

5

the victim's testimony by showing that the defendant has a propensity to commit sexual offenses. *See Whisby v. State*, 2018 WL 6615177, at *3 (Fla. 1st DCA Dec. 18, 2018) ("[C]ollateral-crime evidence of a sexual offense is admissible even if offered to show propensity.").

Accordingly, in this case, the trial court did not err in concluding the collateral crime evidence could be admitted to corroborate the victim's testimony by showing Pitts's propensity to commit sexual offenses.

### *Exclusion of "Good Character" Evidence*

Third, Pitts argues that even if the collateral crime evidence was properly admitted to show his propensity to commit sexual offenses, the trial court abused its discretion by prohibiting him from introducing "good character" evidence to rebut the propensity evidence. We disagree.

Although character evidence is generally inadmissible to show that a person acted in conformity with a character trait on a particular occasion, a defendant in a criminal case may offer evidence of "a pertinent trait of character." § 90.404(1)(a), Fla. Stat. Section 90.405, Florida Statutes, dictates the methods of proving character at trial. *Hendricks*, 34 So. 3d at 822. Under section 90.405(1), any time a person's character is admissible, it may be proven by evidence of that person's reputation. However, proof of a person's character may not be made by specific instances of conduct unless character is "an essential element of a charge, claim, or defense." § 90.405(2), Fla. Stat.

Here, the only "good character" evidence Pitts proffered was the testimony of his high school girlfriend. Although the girlfriend's testimony was primarily offered to impeach the collateral crime witness's testimony by contradicting her story, the girlfriend also would have testified that Pitts had never been "sexually aggressive" towards her. This is effectively *specific-act* character testimony under section 90.405(2), and because Pitts's character trait for sexual non-violence was not an element of the charge in this case, the trial court properly excluded this testimony.

6

On appeal, Pitts argues that testimony about his *reputation* for sexual non-violence should have been admitted under section 90.405(1). This argument was not raised below. Although defense counsel did state that the jury should be allowed to hear evidence of Pitts's reputation for sexual non-violence *if* that was his reputation,[3] counsel did not affirmatively represent that was indeed his reputation or identify any witness who would be able to testify to that reputation. Absent such a proffer, Pitts's argument that the trial court erred in excluding evidence about his reputation for sexual non-violence is not preserved. *See Whitted v. State*, 362 So. 2d 668, 672 (Fla. 1978).

## *Feature of the Trial*

Finally, Pitts argues that the collateral crime evidence impermissibly became a feature of the trial. We disagree.

When collateral crime evidence is admitted, "the trial court must guard against allowing [the evidence] to become a feature of the trial." *McLean*, 934 So. 2d at 1262. Collateral crime evidence impermissibly becomes a feature of the trial when the evidence "'transcend[s] the bounds of relevancy to the charge being tried' and the prosecution 'devolves from development of facts pertinent to the main issue of guilt or innocence into an assault on the character of the defendant.'" *Conde v. State*, 860 So. 2d 930, 945 (Fla. 2003) (quoting *Williams v. State,* 117 So. 2d 473, 475 (Fla.1960)).

---

[3] Specifically, defense counsel stated: "*If* Mr. Pitts's reputation in the high school was actually a reputation for non-violence with respect to sexual offenses, that should be admissible to the jury" (emphasis added). We do not view this statement as a proffer of evidence, but rather as legal argument in response to the trial court's observation that evidence of sexual morality is generally viewed as inherently unreliable and inadmissible because it is not something that the community would know. *See Hendricks*, 34 So. 3d at 825-26.

There is no set formula to use when determining whether collateral crime evidence has impermissibly become a feature of the trial. The determination is fact-dependent and multifaceted and therefore must be made on a case-by-case basis.

The volume of collateral crime evidence introduced at trial is a factor to be considered in determining whether the evidence has impermissibly become a feature of the trial; however, "it is 'not solely the quantity but also the quality and nature of collateral crimes evidence in relation to the issues to be proven' that determines whether it became a feature of the trial." *Peterson v. State*, 2 So. 3d 146, 155 (Fla. 2009) (quoting *Conde*, 860 So. 2d at 946); *see also Wright v. State*, 19 So. 3d 277, 293 (Fla. 2009) ("To determine whether collateral-crime evidence became a feature of the trial, we do not solely measure the number of references the prosecution made to such evidence. However, voluminous references to a collateral crime *may indicate* a prohibited transgression, even if it is not the sole determining factor.") (emphasis in original and citations omitted). Other factors to be considered include the extent to which the prosecutor focused on the collateral crime evidence in closing argument, *see Wright*, 19 So. 3d at 294 (citing *Fitzsimmons v. State*, 935 So. 2d 125, 129 (Fla. 2d DCA 2006)), and how the jury was instructed on the use of the collateral crime evidence, *see Peterson*, 2 So. 3d at 156.

Here, the same number of witnesses (two) testified in the State's case-in-chief about the collateral crime as testified about the charged offense, and the witnesses' testimony about the collateral crime, including cross-examination, comprised nearly 50 pages of the trial transcript.[4] Despite the volume of this testimony, we are persuaded that the collateral crime evidence did not impermissibly become a feature of the trial.

First, the quantity of the collateral crime evidence was offset by the quality of the evidence because the charged offense and the

---

[4] The transcript is 640 pages long, but the trial proceedings only comprise about 520 pages because the transcript also includes the *Williams* rule hearing on the collateral crime evidence that was held during a break in the trial.

collateral crime shared a number of relevant similarities. *See Peterson*, 2 So. 3d at 155 ("The quality at issue is the relevancy of the evidence . . . ."). Second, the testimony about the charged offense in the State's case-in-chief comprised almost three times as many transcript pages as the testimony about the collateral crime. Third, the prosecutor did not mention the collateral crime evidence in her opening statement, and although she discussed the collateral crime evidence in her initial closing argument, the primary focus of that argument—and the sole focus of the prosecutor's rebuttal closing argument—was the evidence establishing that Pitts was guilty of the charged offense. Fourth, when discussing the collateral crime in her initial closing argument, the prosecutor emphasized that Pitts was not on trial for that crime, and the trial court reinforced this point when, consistent with section 90.404(2)(d)2., Florida Statutes, the court instructed the jury that "the defendant is not on trial for any crime, wrong, or act that is not charged in this case" and that the collateral crime evidence should be considered "only to the extent you [the jury] consider it helpful in deciding the issues in this case."

We have not overlooked the cases relied on by Pitts, but we find those cases factually distinguishable because there was considerably more focus on the collateral crimes in those cases than there was in this case. For example, in *Cannon v. State*, 51 So. 3d 1261 (Fla. 1st DCA 2011), "4 of the 6 State witnesses" testified about the collateral crime and the prosecutor discussed the collateral crime for "approximately half of the State's opening and closing statements." Likewise, in *Fiore v. State*, 967 So. 2d 995 (Fla. 5th DCA 2007), a "[g]reater emphasis" was placed on the collateral crimes than the charged offense because "[a] majority of the testimony" related to the collateral crimes and the prosecutor's closing argument "continually" addressed the collateral crimes.[5] Similarly, in *Seavey v. State*, 8 So. 3d 1175 (Fla. 2d DCA 2009), the

---

[5] *Fiore* is further distinguishable because, unlike this case, the collateral crimes were dissimilar to the charged offense. *See Fiore*, 967 So. 2d at 999 ("There is a significant lack of similarity between the charged offense and [the victim]'s allegations, and it is difficult to envision that this evidence can satisfy the *McLean* standard.").

prosecutor spent more than half ("seven out of twelve pages") of his opening statement discussing the collateral crimes, and then in his closing argument, the prosecutor improperly "used the [collateral crimes] evidence to argue that [the defendant] committed the charged crime because he was a sexual predator."

Accordingly, we reject Pitts's argument that the collateral crime evidence impermissibly became a feature of the trial.

## CONCLUSION

For the reasons stated above, we affirm Pitts's conviction for sexual battery and his resulting sentence.

AFFIRMED.

RAY and WINSOR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.